## TODD RUFFIN *v.* COMMISSIONER OF CORRECTION (AC 25018)

Bishop, DiPentima and Gruendel, Js.

Argued March 31—officially released June 21, 2005

*Christopher M. Neary*, deputy assistant public defender, with whom, on the brief, was *Temmy Ann Pieszak*, chief of habeas corpus services, for the appellant (petitioner).

*Madeline A. Melchionne,* assistant attorney general, with whom were *Jo Anne Sulik,* assistant state's attorney, and, on the brief, *Richard Blumenthal,* attorney general, and *Henri Alexandre,* assistant attorney general, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Todd Ruffin, appeals following the denial of his petition for certification to appeal from the judgment dismissing his petition for a writ of habeas corpus. On appeal, the petitioner claims that the respondent, the commissioner of correction, improperly calculated his effective date of release from incarceration. We dismiss the appeal as moot.

The following facts and procedural history are relevant to our consideration of the petitioner's appeal. The petitioner first filed the petition for the issuance of a writ of habeas corpus on March 26, 1998. In that petition, the petitioner initially challenged the validity of two convictions for which he was sentenced to a period of incarceration followed by probation. After he was released from incarceration but while he was on probation, he was arrested and convicted on two new criminal charges as well as a violation of probation. The petitioner was thereafter returned to custody to serve the remaining portions of his sentences on the first two convictions as well as to begin serving sentences imposed on his conviction of the latter offenses. After the petitioner had been discharged from the first two sentences, he amended his petition to allege that the respondent had miscalculated his release date on the latter two convictions. As relief, the petitioner sought to apply fifty-four days of jail time credit to the concurrent sentences of two years he was then serving. In sum, what began as an ineffective assistance of counsel claim on two convictions was transformed into a time calculation claim with regard to sentences later imposed on

convictions that occurred while the habeas petition was pending. The court dismissed the petition on the ground that it did not have continuous jurisdiction over a petition initially filed to challenge convictions and later amended to challenge the respondent's time calculation on a new set of convictions imposed after the completion of the original sentences. Subsequent to the court's judgment dismissing the petition for lack of jurisdiction and before argument on this appeal, the petitioner completed the sentences that are the subject of the amended petition. Consequently, the petitioner has been discharged completely from all sentences that have been, at any time, the subject of the petition.

Because the petitioner has been discharged from all sentences relevant to his petition, we must first determine whether the time calculation issue he raises presents an actual controversy warranting judicial intervention. If not, then the appeal may be dismissed as moot unless it presents issues that are capable of repetition and likely to evade review or unless the petitioner can demonstrate adverse consequences from a court's unfavorable response to his claims.

We first analyze whether the petitioner's claim is moot. "Mootness implicates [this] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction . . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) AvalonBay Communities, Inc. v. *Zoning Commission*, 87 Conn. App. 537, 542, 867 A.2d 37 (2005). Because the petitioner has been discharged from the sentences that were the subject of his time calculation claim,

there is no practical relief we can afford him. His claim is moot.

We next consider whether, despite its mootness, the petitioner's claim presents an issue that is capable of repetition yet likely to evade review. "[F]or an otherwise moot question to qualify for review under the 'capable of repetition, yet evading review' exception, it must meet three requirements. First, the challenged action, or the effect of the challenged action, by its very nature must be of a limited duration so that there is a strong likelihood that the substantial majority of cases raising a question about its validity will become moot before appellate litigation can be concluded. Second, there must be a reasonable likelihood that the question presented in the pending case will arise again in the future, and that it will affect either the same complaining party or a reasonably identifiable group for whom that party can be said to act as surrogate. Third, the question must have some public importance. Unless all three requirements are met, the appeal must be dismissed as moot." *Loisel* v. *Rowe*, 233 Conn. 370, 382–83, 660 A.2d 323 (1995).

The heart of the petitioner's substantive time calculation claim is that in calculating his anticipated release date, the respondent incorrectly failed to give him credit for the time he spent incarcerated before conviction. Because the claim implicates the methodology utilized by the respondent in computing the effective release dates for inmates who are serving multiple sentences and may have earned preconviction credit on one or more of those sentences, we agree with the petitioner that the issue he raises is capable of repetition. We agree, as well, that the issue is of public importance because it may affect a substantial number of similarly situated inmates and because of the broad public interest in the correctness of punishment for those who have been incarcerated for criminal conduct. We do

not believe, however, that the issue is likely to evade review. As noted in *Loisel*, the " 'evading review' " concept implicates the notion of time and its likely effect on a court's ability to review an action or claim. Id. Thus, according to *Loisel*, "[i]f an action or its effects is not of inherently limited duration, the action can be reviewed the next time it arises, when it will present an ongoing live controversy. Moreover, if the question presented does not have a strong likelihood of becoming moot in the substantial majority of cases in which it arises, the urgency of deciding the pending case is significantly reduced. Thus, there is no reason to reach out to decide the issue as between parties who, by hypothesis, no longer have any present interest in the outcome." Id., 383–84.

In this instance, there is no basis for us to conclude that the issue of time calculation methodology raised by the petitioner is likely to evade review. We make that determination on the basis of our belief that there is no invariable connection between the issue of time calculation raised by the petitioner and the length of an inmate's sentence. In other words, an inmate serving a lengthy sentence could make the same assertion as the present petitioner because the claim implicates a methodology that is just as applicable to long sentences as it is to shorter periods of incarceration. Thus, because the action challenged in this instance is not of a necessarily limited duration, we have no reason to conclude that, if raised in another matter, it would evade review. That said, there is no impulsion to decide the merits of this appeal because the issue reasonably can be decided on another day in which there is an actual controversy in which the vindication of one's rights is, in fact, at issue.

Finally, despite the petitioner's claim, we see no collateral consequences attendant to the respondent's determination of his release date. Even if we assume

arguendo that the petitioner was wrongfully deprived of fifty-four days of preconviction jail time, that time cannot be restored to him in the future because of our policy against "banking" extra time served on a sentence against a future sentence. See *Payton* v. *Albert*, 209 Conn. 23, 547 A.2d 1 (1998) (en banc), overruled in part on other grounds, *Rivera* v. *Commissioner of Correction*, 254 Conn. 214, 255 n.44, 756 A.2d 1264 (2000).

The appeal is dismissed.