## STATE OF CONNECTICUT *v.* THEOFERLIUS D.[1]
### (AC 25530)

DiPentima, Gruendel and Foti, Js.

---

[1] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse, we decline to identify the victim or others through whom her identity may be ascertained. See General Statutes § 54-86e.

Argued October 27, 2005—officially released January 10, 2006

*Martha Brooke Hansen*, special public defender, for the appellant (defendant).

*Michele C. Lukban*, senior assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Terence Mariani*, senior assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, Theoferlius D., appeals from the judgment of the trial court revoking his probation and committing him to the custody of the commissioner of correction for seven years. On appeal, the defendant claims that the court improperly (1) admitted certain evidence and (2) concluded that the evidence was sufficient to support a finding of a violation of probation. We affirm the judgment of the trial court.

On April 2, 1998, the defendant entered pleas of nolo contendere to charges of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2) and risk of injury to a child in violation of General Statutes (Rev. to 1997) § 53-21 (2). The court accepted the defendant's pleas and sentenced him to a total effective term of twelve years incarceration, execution suspended after five years, followed by ten years of probation. The special conditions of the defendant's

probation included sexual assault evaluation and treatment.

On November 15, 2002, the defendant was released from prison and began serving his probation. He participated in a sex offender treatment program that requires its patients to admit their guilt. Patients who continuously refuse to admit their guilt are given an opportunity to take a polygraph test in order to determine whether they actually believe that they are not guilty. After denying his guilt for six months, the defendant took a polygraph test, and the results indicated deception in response to the examiner's questions. The defendant then was discharged from the treatment program for failure to admit his guilt. Because he did not complete the treatment program, he was arrested and charged with violating his probation.

Before the defendant's probation revocation trial could be held, he was arrested again, for failure to comply with sex offender registration requirements. The state then filed a substitute information amending the factual basis for the violation of probation charge to include both the defendant's failure to complete the treatment program and to register as a sex offender. At the probation revocation trial, the court found that the defendant had violated his probation by failing to complete the treatment program and to comply with sex offender registration requirements. The court concluded that the defendant was not amenable to further rehabilitation and therefore sentenced him to seven years incarceration. After the defendant filed his appeal from the judgment revoking his probation, the jury convicted him of failure to register as a sex offender in violation of General Statutes §§ 54-251 and 54-257.

As an initial matter, we must address the state's argument that this appeal is moot because of the defendant's subsequent conviction on the charge of failure to regis-

ter as a sex offender. "Mootness implicates [this] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction . . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) *Ruffin* v. *Commissioner of Correction*, 89 Conn. App. 724, 726, 874 A.2d 857 (2005).

The state argues that an actual controversy no longer exists in the present case and directs us to the holding of *State* v. *Singleton*, 274 Conn. 426, 876 A.2d 1 (2005). "Where, subsequent to a finding of violation of probation, a defendant is criminally convicted for the same conduct underlying the violation of probation, his appeal from that judgment of violation of probation is rendered moot because there is no longer any live controversy about whether he engaged in the conduct for which his probation was violated." Id., 439. Reference to the facts of *Singleton* is necessary in order to understand that holding. After the defendant in *Singleton* appealed from the judgment revoking his probation, he pleaded guilty to and was convicted of the criminal conduct that gave rise to the violation of his probation. Id., 429. That defendant waived his right to file a direct appeal when he pleaded guilty, and, therefore, no longer could appeal from the revocation of his probation. In contrast, the defendant in the present case did not plead guilty to the criminal conduct that gave rise to the violation of his probation. He retained his right to appeal from his conviction on the charge of failure to register as a sex offender, and, therefore, also retained his right to appeal from the revocation of his probation. Accord-

ingly, we reject the state's argument that this appeal is moot.[2]

In proceeding on the merits, we first set forth the standard of review. "In a probation revocation proceeding, the state bears the burden of proving by a fair preponderance of the evidence that the defendant violated the terms of his probation. . . . This court may reverse the trial court's finding that a defendant violated the terms of his probation only if such finding is clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence to support it . . . or . . . the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In making this determination, every reasonable presumption must be given in favor of the trial court's ruling. . . . This court defers to the trial court's discretion in matters of determining credibility and the weight to be given to a witness' testimony. . . . Furthermore, [i]n making its factual determination, the trial court is entitled to draw reasonable and logical inferences from the evidence." (Internal quotation marks omitted.) *State* v. *Boykin*, 83 Conn. App. 832, 840, 851 A.2d 384, cert. denied, 271 Conn. 911, 859 A.2d 570 (2004).

I

The defendant first claims that the court improperly admitted evidence regarding (1) his failure to register as a sex offender and (2) the polygraph test that he

---

[2] The state argues that collateral estoppel also applies. "Collateral estoppel means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." (Internal quotation marks omitted.) *State* v. *Santiago*, 275 Conn. 192, 201, 881 A.2d 222 (2005). The issue in the present case concerns the effect of the defendant's conviction of failure to register as a sex offender on the judgment revoking his probation. That issue implicates mootness, but not collateral estoppel.

had taken in connection with the treatment program. We disagree.

As to the evidence relating to his failure to register as a sex offender, the defendant contends that he did not receive proper notice that that evidence would be introduced at his probation revocation trial. In the defendant's view, because his arrest warrant for violation of probation was based only on his discharge from the treatment program, he could not have expected that the trial would include evidence relating to his subsequent arrest for failure to register as a sex offender. That argument is without merit.

Pursuant to Practice Book § 36-17, the state may file a substitute information prior to trial.[3] See also *State v. Outlaw*, 60 Conn. App. 515, 524–26, 760 A.2d 140 (2000), aff'd, 256 Conn. 408, 772 A.2d 1122 (2001). The record reveals that on March 9, 2004, the state filed a substitute information charging the defendant with violation of probation on the basis of both his failure to complete the treatment program and to register as a sex offender. The defendant's probation revocation trial was held on May 3, 2004. He clearly had notice that the violation of probation charge was based in part on his failure to register as a sex offender because the state filed the substitute information nearly two months before the trial.

Our rejection of the defendant's claim concerning the court's admission of evidence relating to his failure to register as a sex offender renders unnecessary any consideration of his claim concerning the court's admission of evidence relating to the polygraph test he had

---

[3] Practice Book § 36-17 provides: "If the trial has not commenced, the prosecuting authority may amend the information, or add additional counts, or file a substitute information. Upon motion of the defendant, the judicial authority, in its discretion, may strike the amendment or added counts or substitute information, if the trial or the cause would be unduly delayed or the substantive rights of the defendant would be prejudiced."

taken in connection with the treatment program. "Our law does not require the state to prove that all conditions [of probation] alleged were violated; it is sufficient to prove that one was violated." *State* v. *Widlak*, 74 Conn. App. 364, 370, 812 A.2d 134 (2002), cert. denied, 264 Conn. 902, 823 A.2d 1222 (2003).

We note, however, that the only evidence regarding the polygraph test was testimony by a clinician with the treatment program. The clinician testified that the defendant failed his polygraph and therefore was discharged from the treatment program. The clinician's testimony regarding the polygraph was offered as part of the clinician's account of the defendant's lack of progress in the treatment program. It was not offered as substantive evidence of the defendant's guilt of sexual assault and risk of injury to a child. It also was not offered for the purpose of questioning the defendant's credibility. The defendant did not dispute that he had failed to complete the treatment program. The clinician's testimony, therefore, did not circumvent the rule that polygraph evidence is inadmissible in our courts. See *State* v. *Porter*, 241 Conn. 57, 93–94, 698 A.2d 739 (1997) (en banc), cert. denied, 523 U.S. 1058, 118 S. Ct. 1384, 140 L. Ed. 2d 645 (1998); *State* v. *Miller*, 202 Conn. 463, 485, 522 A.2d 249 (1987).

## II

The defendant's second claim is that the evidence was insufficient to support the court's finding of a violation of probation. That claim requires little discussion. The court considered the testimony of a state police sergeant that the defendant had failed to comply with sex offender registration requirements and found that testimony credible. The court also considered the testimony of the clinician and the defendant's probation officer that the defendant was discharged from the treatment program for failure to admit his guilt and

also found that testimony credible. The court therefore found the defendant in violation of his probation. We conclude that that finding was not clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.