944 A.2d 288 (2008)
286 Conn. 353
STATE of Connecticut
v.
T.D.[*]
No. 17616.
Supreme Court of Connecticut.
Argued September 19, 2007.
Decided April 8, 2008.
*290 Michele C. Lukban, senior assistant state's attorney, with whom, on the brief, were John A. Connelly, state's attorney, and Terence Mariani, senior assistant state's attorney, for the appellant (state).
Martha Hansen, special public defender, for the appellee (defendant).
ROGERS, C.J., and NORCOTT, KATZ, PALMER and SCHALLER, Js.
ROGERS, C.J.
The sole issue presented by this appeal is whether an appeal challenging a trial court's finding of a violation of probation pursuant to General Statutes § 53a-32, stemming from a probationer's commission of a new crime during the probationary period, is rendered moot by his conviction of such crime, following a jury trial, during the pendency of the appeal. The defendant, T.D., argued, and the Appellate Court agreed, that because his conviction had resulted from a jury trial and not from an admission of guilt, thus preserving his ability to challenge on appeal the sufficiency of the evidence supporting the conviction, this case is distinguishable from State v. Singleton, 274 Conn. 426, 876 A.2d 1 (2005). In Singleton, we held that a defendant's guilty plea resulting in conviction of a crime, the commission of which had formed the basis of an earlier finding of a violation of probation, effectively mooted his pending appeal challenging the probation violation finding. Id., at 439, 876 A.2d 1. The state has appealed, following our grant of certification,[1] from the judgment of the Appellate Court. We conclude that this case is distinguishable from Singleton, but our reasoning differs to some extent from that of the Appellate Court and, consequently, our agreement with that court's ultimate conclusion is qualified. Specifically, at the time the Appellate Court rendered its decision, the defendant was pursuing an appeal from his conviction for the underlying crime, and, therefore, the question of whether he had engaged in the conduct constituting that crime still presented a *291 live controversy. As such, his probation violation appeal, which also challenged a finding that he had engaged in that conduct, was not moot. Accordingly, we affirm the judgment of the Appellate Court.[2]
The following facts and procedural history are relevant. In 1998, the defendant entered pleas of nolo contendere to charges of sexual assault in the first degree in violation of General Statutes (Rev. to 1997) § 53a-70 (a)(2) and risk of injury to a child in violation of General Statutes (Rev. to 1997) § 53-21(2). After accepting the defendant's pleas, the court sentenced him to a total effective term of twelve years incarceration, execution suspended after five years, with ten years of probation. The defendant was released from prison and began serving his probation in 2002. State v. [T.D.], 93 Conn.App. 88, 89-90, 888 A.2d 118 (2006).
On March 9, 2004, the state charged the defendant with violating his probation by, inter alia, committing the crime of failure to register as a sex offender in violation of General Statutes (Rev. to 2003) § 54-251 and General Statutes § 54-257. After a hearing, the trial court found that, because the defendant had failed to register as a sex offender, he had violated the condition of his probation that required him to not violate any criminal law.[3] The court concluded that the beneficial aspects of the defendant's probation no longer were being served and, therefore, revoked the probation and ordered that the defendant serve the unexecuted portion of his sentence. On June 18, 2004, the defendant appealed to the Appellate Court from the trial court's judgment, claiming there was insufficient evidentiary support for the court's finding that he had violated his probation.[4] Id., at 94, 888 A.2d 118.
On October 5, 2005, prior to oral argument at the Appellate Court in the violation of probation appeal, the defendant was found guilty, following a jury trial, of failure to register as a sex offender. At oral argument on October 27, 2005, the Appellate Court was notified of this development, and the state argued that the appeal was moot and should be dismissed. Id., at 90-91, 888 A.2d 118. On December 5, 2005, the trial court in the criminal matter rendered a judgment of conviction, and the defendant subsequently filed an application for waiver of fees, costs and expenses and for appointment of appellate counsel, which tolled the period in which he could file an appeal.[5] See Practice Book §§ 63-1(c)(1) and 63-7.
*292 In a decision released on January 10, 2006, the Appellate Court affirmed the judgment revoking the defendant's probation. State v. [T.D.], supra, 93 Conn.App. at 89, 888 A.2d 118. At the outset, that court disagreed with the state's argument that the defendant's appeal should be dismissed, concluding that the appeal remained viable despite the defendant's conviction of failure to register as a sex offender. The Appellate Court first noted our holding in Singleton that "[w]here, subsequent to a finding of violation of probation, a defendant is criminally convicted for the same conduct underlying the violation of probation, his appeal from that judgment of violation of probation is rendered moot because there is no longer any live controversy about whether he engaged in the conduct for which his probation was violated. [State v. Singleton, supra, 274 Conn.] at 439, 876 A.2d 1." (Internal quotation marks omitted.) State v. [T.D.], supra, at 91, 888 A.2d 118. It then drew a distinction, reasoning that "[a]fter the defendant in Singleton appealed from the judgment revoking his probation, he pleaded guilty to and was convicted of the criminal conduct that gave rise to the violation of his probation. . . . That defendant waived his right to file a direct appeal when he pleaded guilty, and, therefore, no longer could appeal from the revocation of his probation. In contrast, the defendant in the present case did not plead guilty to the criminal conduct that gave rise to the violation of his probation. He retained his right to appeal from his conviction on the charge of failure to register as a sex offender, and, therefore, also retained his right to appeal from the revocation of his probation." (Citation omitted.) Id. The Appellate Court thus rejected the state's argument that the defendant's appeal was moot. Id., at 92, 888 A.2d 118. Its decision, however, did not indicate whether the defendant actually had appealed from his conviction of failure to register as a sex offender. The Appellate Court decided the remaining issues of the appeal on their merits and ultimately upheld the judgment revoking the defendant's probation. Id., at 95, 888 A.2d 118. This certified appeal by the state followed.
Although neither party has addressed the issue in its brief to this court, we must consider at the outset whether the state is aggrieved by the Appellate Court's judgment, which ultimately was in the state's favor, and therefore has standing to contest that judgment. "[T]he right to appeal is purely statutory and is allowed only if the conditions fixed by statute are met. . . . In all civil actions a requisite element of appealability is that the party claiming error be aggrieved by the decision of the [Appellate] [C]ourt." (Citations omitted; internal quotation marks omitted.) Windham Taxpayers Assn. v. Board of Selectmen, 234 Conn. 513, 522, 662 A.2d 1281 (1995). Aggrievement implicates both the state's standing and this court's subject matter jurisdiction. See In re Allison G., 276 Conn. 146, 155-56, 883 A.2d 1226 (2005).
To be aggrieved, a party must have a specific personal and legal interest in the subject matter of the litigation and, further, that interest must be specially and injuriously affected by the decision at issue. See id., at 157, 883 A.2d 1226. Given the latter requirement, "[a]s a general rule, a party that prevails in the [Appellate] [C]ourt is not aggrieved. . . . Moreover, [a] party cannot be aggrieved by a decision that grants the very relief sought. . . . Such a party cannot establish that a specific personal and legal interest has been specially and injuriously affected by the decision." (Internal quotation marks omitted.) Id., at 158, 883 A.2d *293 1226; see also Seymour v. Seymour, 262 Conn. 107, 110-11, 809 A.2d 1114 (2002); 5 Am.Jur.2d 39, Appellate Review § 243 (2007) ("One who has received in the trial court all the relief that he or she sought therein is not aggrieved by the judgment and has no standing to appeal. In particular, a litigant has no right to appeal a judgment in his or her favor merely for the purpose of having the judgment based on a different legal ground than that relied upon by the trial court, or to settle an abstract question of law."); annot., 69 A.L.R.2d 701, 724, § 10[b] (1960) ("[a]s a general proposition, a party who has fully prevailed in the court below is not entitled to appeal from the judgment solely for the purpose of attacking as erroneous the reasons of the court or its conclusions of law").
Nevertheless, we have recognized that "[a] prevailing party . . . can be aggrieved . . . if the relief awarded to that party falls short of the relief sought." (Internal quotation marks omitted.) In re Allison G., supra, 276 Conn. at 158, 883 A.2d 1226; see also Seymour v. Seymour, supra, 262 Conn. at 114, 809 A.2d 1114; 5 Am.Jur.2d 39, supra, § 243 ("[a] party who prevails at trial, but receives a judgment only partly in his or her favor, or a judgment which . . . is less favorable than it should be, may appeal"); annot., 69 A.L.R.2d at 705, supra, § 1[b] (successful party not granted "`full relief'" unless court "adjudicates the controversy in favor of the [successful party] in accordance with the prayer of the successful party"). In the present matter, the state, although it ultimately prevailed, had sought a complete dismissal of the defendant's appeal rather than an adjudication on the merits. Accordingly, the relief obtained fell short of what was sought. The state, therefore, is aggrieved by the Appellate Court's judgment. We now turn to the claim raised on appeal.
The state claims that the Appellate Court improperly concluded that the defendant's appeal was not moot on the basis of its determination that the holding of Singleton is limited to cases involving convictions following guilty pleas. According to the state, the Appellate Court's limited reading of Singleton is improper because there is no meaningful distinction between a conviction resulting from a guilty plea and one resulting from a jury trial because both effectively eliminate any controversy in regard to whether a defendant committed the acts forming a basis for the violation of his probation. The state argues further that the Appellate Court's focus on the fact that, in an appeal from a conviction after a jury trial, a defendant may challenge the sufficiency of the evidence underlying his conviction, is misplaced. The defendant argues in response that the Appellate Court properly interpreted Singleton. We agree with the state that the Appellate Court's rationale, as that court broadly stated it, was improper, but nevertheless conclude that the Appellate Court correctly held that the defendant's appeal was not moot because the applicability of Singleton is limited to cases in which a defendant is not actively pursuing an appeal from the criminal conviction underlying his probation violation.[6]
*294 Mootness implicates a court's subject matter jurisdiction and, therefore, presents a question of law over which we exercise plenary review. See In re Allison G., supra, 276 Conn. at 155-56, 883 A.2d 1226. For a case to be justiciable, it is required, among other things, "that there be an actual controversy between or among the parties to the dispute. . . ." (Internal quotation marks omitted.) Id., at 165, 883 A.2d 1226. "[T]he requirement of an actual controversy . . . is premised upon the notion that courts are called upon to determine existing controversies, and thus may not be used as a vehicle to obtain advisory judicial opinions on points of law. . . . Moreover, [a]n actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Citation omitted; internal quotation marks omitted.) Id.
We begin with a brief review of our relevant precedents. In State v. Daniels, 248 Conn. 64, 67-68, 726 A.2d 520 (1999), the defendant was found to have violated his probation by breaking into an automobile and, on that basis, his probation was revoked. The defendant appealed from the judgment revoking his probation arguing, inter alia, that there was insufficient evidence of a violation. Id., at 69, 726 A.2d 520. During the pendency of his appeal, the defendant pleaded guilty, pursuant to the Alford doctrine,[7] to burglary in the third degree in connection with the automobile incident. Id. The state argued that the defendant's appeal was moot because, given his Alford plea, this court could provide him no practical relief. According to the state, even if the defendant were afforded a new probation violation hearing upon remand, the plea would estop him from denying that he had committed the criminal conduct at issue. Id., at 70, 726 A.2d 520. We were unpersuaded by the state's argument, reasoning that at a new hearing, even if a finding of violation of probation was predetermined by the plea, it still was conceivable that a different disposition, i.e., something less than a full revocation of probation, could result. Id., at 72-73, 726 A.2d 520. In Daniels, therefore, the focus was not on whether a live controversy existed, but rather, on whether practical relief could be granted to the defendant.
We next considered a similar claim in State v. McElveen, 261 Conn. 198, 802 A.2d 74 (2002). In McElveen, the defendant's probation was revoked after he was found to have violated it by attempting to rob a food delivery person. Id., at 203, 802 A.2d 74. The defendant appealed from the judgment revoking his probation, claiming that the evidence was insufficient to support the finding of a violation. Id. During the pendency of his appeal, the defendant pleaded guilty to one count of attempted robbery in the third degree. Id. Consequently, we concluded that the appeal was moot because there no longer existed an actual controversy over whether the defendant had committed the criminal conduct underlying the violation of probation. Id., at 217, 802 A.2d 74. We explained: "[T]he defendant is seeking review of the trial court's determination that *295 he violated probation by virtue of his criminal conduct. . . . By admitting to that very conduct by virtue of his guilty plea and the resultant judgment of conviction of attempted robbery in the third degree . . . the defendant has eliminated the controversy before the court." (Citation omitted.) Id., at 218, 802 A.2d 74.
Finally, in State v. Singleton, supra, 274 Conn. at 429, 876 A.2d 1, the defendant was found to have violated his probation on the basis of his arrest for possession of an illegal substance, and his probation was revoked. He appealed from the judgment revoking his probation, claiming there was insufficient evidence of a violation. Id. The Appellate Court agreed with the defendant and reversed the judgment. Id. On further appeal to this court, however, it became apparent that, subsequent to the defendant having filed his appeal with the Appellate Court, but prior to that court's judgment of reversal, the defendant had pleaded guilty to possession of illegal drugs with the intent to sell, based on the criminal conduct underlying his probation violation. Id. Relying on our holding in McElveen, we concluded that the defendant's plea and subsequent conviction had eliminated any live controversy over whether he had engaged in that conduct and, consequently, had deprived the Appellate Court of subject matter jurisdiction over the appeal such that it should have been dismissed. Id., at 436, 876 A.2d 1. We therefore vacated the Appellate Court's judgment. Id., at 442, 876 A.2d 1.
Additionally, we took the opportunity in Singleton to resolve an apparent tension between our holdings in Daniels and McElveen. In response to an argument raised by the defendant, we recognized that those holdings, because they had focused on different aspects of the issue of mootness, were irreconcilable. Id., at 438, 876 A.2d 1. Consequently, we "overrule[d] the conclusion in Daniels that a subsequent conviction of criminal conduct arising out of the same facts underlying a violation of probation does not render the appeal from the violation of probation moot." Id. For clarity, we reiterated the holding in McElveen that "[w]here, subsequent to a finding of violation of probation, a defendant is criminally convicted for the same conduct underlying the violation of probation, his appeal from that judgment of violation of probation is rendered moot because there is no longer any live controversy about whether he engaged in the conduct for which his probation was violated." Id., at 439, 876 A.2d 1.
In light of the foregoing decisions, we find untenable the defendant's assertion that the holding of Singleton was limited to cases in which a probationer, through a guilty plea, has admitted engaging in the criminal conduct underlying his probation violation. First, the plain language of the holding, as we restated it for clarity, is not so restricted; rather, it contemplates the effect of new convictions generally on pending appeals from probation revocations. Furthermore, the defendant in Daniels did not admit his guilt to the criminal charges at issue, but rather, was convicted pursuant to an Alford plea.[8] By overruling our determination that this circumstance did not render moot his appeal challenging the finding of a probation violation, we implicitly held that an admission of guilt to the crime underlying the violation is not a decisive factor. To the contrary, it is the fact of a *296 conviction itself, regardless of the route by which it has been obtained, that eliminates any controversy over whether a violation of probation has occurred. As this court repeatedly has indicated, a conviction based on a guilty plea is the functional equivalent of a conviction following a guilty verdict by a jury. See State v. Reid, 277 Conn. 764, 780, 894 A.2d 963 (2006); State v. James, 197 Conn. 358, 365, 497 A.2d 402 (1985); State v. Torres, 182 Conn. 176, 184, 438 A.2d 46 (1980).
We also are not persuaded that a conviction based on a guilty plea is distinguishable from a conviction based on a jury verdict because the latter may be overturned on appeal on the basis of insufficient evidence. Although the available grounds for challenge differ, a judgment based on a plea also may be subject to reversal. See, e.g., In re Jason C., 255 Conn. 565, 570, 767 A.2d 710 (2001) (inadequate understanding of possible extension of commitment); State v. Childree, 189 Conn. 114, 122-24, 454 A.2d 1274 (1983) (inadequate understanding of nature of charge); State v. Collins, 176 Conn. 7, 9-10, 404 A.2d 871 (1978) (inadequate understanding of possible sentence). Thus, both types of convictions have the potential to be set aside on appeal.
Upon review of our decisions in Daniels, McElveen and Singleton, however, we are convinced that the rule of Singleton was forged within a procedural framework that differs in one vital respect from that of the present case. Specifically, in each of those cases the defendant, after pleading guilty to the crimes that formed the basis for the earlier finding that he had violated his probation, declined to challenge the validity of his guilty plea by way of appeal. Moreover, by the time each defendant's appeal contesting the finding of violation of probation was argued, the period in which to appeal from the judgment in the underlying criminal matter had long since expired, indicating that no appeal was forthcoming.[9] Accordingly, each defendant's criminal conviction was final and unchallenged, thus making it clear that any controversy over whether he had engaged in the conduct underlying his probation violation unquestionably had concluded and that the conviction was so definite as to establish conclusively that a violation of probation had occurred.
In contrast, in the present matter, the defendant's appeal challenging the probation violation finding was argued at the Appellate Court less than one month after a jury had found the defendant guilty of the underlying criminal conduct. When the Appellate Court released its decision, it was evident that the defendant was pursuing an appeal from his conviction for the underlying criminal conduct and, although that appeal was not filed until after the decision's release, the appeal period had not yet expired.[10] See footnote 5 of this *297 opinion. Given the existence of essentially contemporaneous appeals, there remained a live controversy over whether the defendant had engaged in the criminal conduct underlying the violation of probation. The defendant's appeal challenging the probation violation finding therefore was not moot.
On the basis of the foregoing analysis, we conclude that a conviction following a jury verdict is indistinguishable from a conviction following a guilty plea or Alford plea for purposes of eliminating any controversy over whether the criminal conduct underlying a violation of probation has occurred. If a defendant has been convicted of criminal conduct, following either a guilty plea, Alford plea or a jury trial, and the defendant does not challenge that conviction by timely appealing it, then the conviction conclusively establishes that the defendant engaged in that criminal conduct. An appeal challenging a finding of violation of probation based on that conduct is, therefore, moot.[11] When, however, the defendant has pursued a timely appeal from a conviction for criminal conduct and that appeal remains unresolved, there exists a live controversy over whether the defendant engaged in the criminal conduct, and an appeal challenging a finding of violation of probation stemming from that conduct is not moot. Because this case presented the latter scenario, the Appellate Court properly refused to dismiss the defendant's appeal.
The judgment of the Appellate Court is affirmed.
In this opinion the other justices concurred.
NOTES
[*] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse, we decline to identify the victims or others through whom the victims' identity may be ascertained. See General Statutes § 54-86e.
[1] We granted certification limited to the following issue: "Did the Appellate Court properly decline to dismiss the defendant's appeal from his revocation of probation and ensuing incarceration as moot?" State v. [T.D.], 277 Conn. 916, 895 A.2d 793 (2006). We denied the defendant's petition for certification to appeal from the judgment of the Appellate Court, pertaining to that court's resolution of his evidentiary claim. State v. [T.D.], 277 Conn. 916, 895 A.2d 792 (2006).
[2] It is well established that we may sustain a judgment on an alternate ground having support in the record. DeMilo & Co. v. Commissioner of Motor Vehicles, 233 Conn. 281, 295, 659 A.2d 162 (1995). "The . . . judgment will be affirmed, though based on erroneous grounds, if the same result is required by law." (Internal quotation marks omitted.) Id.
[3] The court also found that the defendant had failed to comply with a special condition of his probation that required him to complete sex offender treatment successfully.
[4] The defendant also claimed that certain evidence was admitted improperly. State v. [T.D.], supra, 93 Conn.App. at 92-93, 888 A.2d 118. The defendant did not raise any claims relating to the dispositional phase of his probation revocation. Compare State v. Preston, 286 Conn. 367, 944 A.2d 276, 2008 WL 833506 (2008).
[5] On January 11, 2006, the trial court granted the defendant's application for waiver of fees, costs and expenses. Thereafter, the defendant timely appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199(c) and Practice Book § 65-1. That appeal was argued on September 7, 2007, and, on March 25, 2008, this court released its decision reversing the judgment of conviction. See State v. T.R.D., 286 Conn. 191, 942 A.2d 1000 (2008).
[6] The state also claims that principles of collateral estoppel underpinned our decision in Singleton, and it argues that application of those principles renders the defendant's appeal moot. As the state acknowledges, Singleton did not rely explicitly on the doctrine of collateral estoppel, and we disagree that the doctrine controlled the outcome of that case. Unlike mootness, the doctrine of collateral estoppel does not implicate a court's subject matter jurisdiction. See Zizka v. Water Pollution Control Authority, 195 Conn. 682, 686-87, 490 A.2d 509 (1985); Tuchman v. State, 89 Conn.App. 745, 762-63 n. 7, 878 A.2d 384, cert. denied, 275 Conn. 920, 883 A.2d 1252 (2005). Even when applicable, therefore, collateral estoppel does not mandate dismissal of a case. Accordingly, the state's argument is misplaced.
[7] See North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
[8] When a defendant enters a plea pursuant to the Alford doctrine, he "does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea nevertheless." State v. Palmer, 196 Conn. 157, 169 n. 3, 491 A.2d 1075 (1985).
[9] Practice Book § 63-1(a) provides a twenty day period in which to appeal a criminal conviction, which may be extended by filing certain motions. In Daniels, the defendant entered his Alford plea as to the criminal conduct at issue on August 13, 1997. His appeal in the related probation violation proceedings was argued approximately fifteen months later on November 3, 1998. State v. Daniels, supra, 248 Conn. at 65, 726 A.2d 520. In McElveen, the defendant pleaded guilty to the criminal conduct at issue on September 28, 1999. His appeal in the related probation violation proceedings was argued over two years later on February 11, 2002. State v. McElveen, supra, 261 Conn. at 199, 802 A.2d 74. In Singleton, the defendant pleaded guilty to the criminal conduct at issue on June 4, 2002. His appeal in the related probation violation proceedings initially was argued approximately eleven months later on May 7, 2003. State v. Singleton, 81 Conn. App. 409, 840 A.2d 36 (2004), vacated, 274 Conn. 426, 876 A.2d 1 (2005).
[10] It is unclear whether the Appellate Court was informed that the defendant was pursuing an appeal from his criminal conviction. His pending application for waiver of fees, costs and expenses and for appointment of appellate counsel, however, was a proper subject of judicial notice. See State v. Fagan, 280 Conn. 69, 101, 905 A.2d 1101 (2006), cert. denied, ___ U.S. ___, 127 S.Ct. 1491, 167 L.Ed.2d 236 (2007); Oliphant v. Commissioner of Correction, 274 Conn. 563, 579 n. 17, 877 A.2d 761 (2005) (writ dismissed, D. Conn., August 18, 2006).
[11] Relatedly, if the defendant appeals from his criminal conviction and, at the time the probation violation appeal is decided, the appeal from the criminal conviction has concluded, resulting in an affirmance of the conviction, then the probation violation appeal is moot.