******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* PHILLIP PACE
(AC 36798)

Gruendel, Sheldon and West, Js.

*Argued March 9—officially released May 26, 2015*

(Appeal from Superior Court, judicial district of Stamford-Norwalk, geographical area number one, Hudock, J.)

*Mark J. Welsh*, senior assistant public defender, for the appellant (defendant).

*Leon F. Dalbec, Jr.*, senior assistant state's attorney, with whom, on the brief, were *David I. Cohen*, state's attorney, and *Michelle Manning*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Phillip Pace, appeals from the judgment of the trial court finding him in violation of probation pursuant to General Statutes § 53a-32. The defendant claims that the court improperly permitted hearsay testimony regarding his involvement in multiple drug transactions. We conclude that issue is moot and, accordingly, dismiss the appeal.

In 2011, the defendant pleaded guilty to possession of a controlled substance with intent to sell in violation of General Statutes § 21a-277 (a). The court sentenced the defendant to a term of five years incarceration, execution suspended after nine months, followed by a three year term of probation. The conditions of his probation required, inter alia, the defendant to "not violate any criminal law of the United States, this state or any other state or territory."

During his probationary period, the defendant was arrested and charged with various criminal offenses of this state. As a result, the state filed an information alleging that the defendant violated the terms of his probation due to, inter alia, his sale of narcotics in violation of General Statutes § 21a-278 (b) and his participation in a conspiracy to commit the sale of narcotics in violation of General Statutes §§ 53a-48 (a) and 21a-278 (b). Following an evidentiary hearing, the court found that the defendant had violated the terms of his probation. It then revoked his probation and sentenced him to a term of fifty-one months incarceration. From that judgment, the defendant appealed to this court.

At the commencement of oral argument, counsel for the defendant apprised this court that, subsequent to the filing of this appeal, the defendant had pleaded guilty to multiple felonies that formed the basis for the violation of probation proceeding.[1] The state thus submits, and counsel for the defendant does not dispute, that the present appeal is moot.

"Mootness implicates a court's subject matter jurisdiction. . . . For a case to be justiciable, it is required, among other things, that there be an actual controversy between or among the parties to the dispute . . . . [T]he requirement of an actual controversy . . . is premised upon the notion that courts are called upon to determine existing controversies, and thus may not be used as a vehicle to obtain advisory judicial opinions on points of law. . . . Moreover, [a]n actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Citations omitted; internal quotation marks omitted.) *State* v. *T.D.*, 286 Conn. 353, 361, 944 A.2d 288 (2008). "[B]ecause [a] determination

regarding a . . . court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) *State* v. *Alexander*, 269 Conn. 107, 112, 847 A.2d 970 (2004).

In *State* v. *Singleton*, 274 Conn. 426, 439, 876 A.2d 1 (2005), our Supreme Court held that "[w]here, subsequent to a finding of violation of probation, a defendant is criminally convicted for the same conduct underlying the violation of probation, his appeal from that judgment of violation of probation is rendered moot because there is no longer any live controversy about whether he engaged in the conduct for which his probation was violated." The court subsequently clarified that a controversy remains when a defendant timely appeals such a conviction. As it explained, "[i]f a defendant has been convicted of criminal conduct, following either a guilty plea, *Alford* plea or a jury trial, and the defendant does not challenge that conviction by timely appealing it, then the conviction conclusively establishes that the defendant engaged in that criminal conduct. An appeal challenging a finding of violation of probation based on that conduct is, therefore, moot. When, however, the defendant has pursued a timely appeal from a conviction for criminal conduct and that appeal remains unresolved, there exists a live controversy over whether the defendant engaged in the criminal conduct, and an appeal challenging a finding of violation of probation stemming from that conduct is not moot." (Footnote omitted.) *State* v. *T.D.*, supra, 286 Conn. 366–67.

In the present case, the defendant on January 5, 2015, pleaded guilty to the offenses of sale of narcotics in violation of § 21a-278 (b), conspiracy to commit the sale of narcotics in violation of §§ 53a-48 (a) and 21a-278 (b), and criminal possession of a pistol or revolver in violation of General Statutes § 53a-217c. The defendant has not appealed from that judgment of conviction.[2] As a result, no live controversy remains as to whether the defendant engaged in the conduct that gave rise to his violation of probation. We therefore conclude that his claim regarding the propriety of certain testimony offered during the violation of probation hearing is moot.

The appeal is dismissed.

[1] Defense counsel stated: "As an officer of the court, I have some information that I need to convey to the court . . . . After the briefs were filed, on January 5, 2015, [the defendant] in Norwalk Superior Court pled guilty . . . to two counts of sale of narcotics . . . one count of conspiracy to sell narcotics . . . [and] one count criminal possession of a weapon." Defense counsel further indicated that he confirmed those convictions by reviewing "the judicial website as well." A review of docket numbers S20N-CR13-0134728-S, S20N-CR13-0134727-S, S20N-CR13-0134730-0 and S20N-CR13-0134729-S on the judicial branch website verifies the accuracy of counsel's representation.

[2] "It is well established that this court can take judicial notice of facts contained in the files of the Superior Court." (Internal quotation marks omitted.) *State* v. *Santiago*, 142 Conn. App. 582, 592 n.12, 64 A.3d 832, cert. denied, 309 Conn. 911, 69 A.3d 307 (2013).