******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* LAQUAN JONES
(AC 36557)

Keller, Prescott and West, Js.

*Argued November 29, 2016—officially released May 16, 2017*

(Appeal from Superior Court, judicial district of
Hartford, Alexander, J.)

*Matthew C. Eagan*, assigned counsel, with whom
were *Michael S. Taylor*, assigned counsel, and, on the
brief, *James P. Sexton*, assigned counsel, for the appel-
lant (defendant).

*Rita M. Shair*, senior assistant state's attorney, with whom were *Gail P. Hardy*, state's attorney, and, on the brief, *Robin Krawczyk*, senior assistant state's attorney, for the appellee (state).

*Opinion*

WEST, J. The defendant, Laquan Jones, appeals from the judgment of the trial court finding that he violated his probation by carrying a pistol without a permit during his probationary period. On appeal, the defendant claims that the court improperly revoked his probation because there was insufficient evidence to establish a violation during his probationary period. We conclude that this claim is moot because the defendant subsequently pleaded guilty to the conduct that served as the basis for the violation of probation, and, thus, we dismiss the appeal.

The record reflects the following facts and procedural history. On December 20, 2011, the defendant pleaded guilty to assault in the first degree for discharging a firearm in violation of General Statutes § 53a-59 (a) (5). The defendant was sentenced to ten years incarceration, execution suspended, and five years probation. The conditions of the defendant's probation required that he, inter alia, (1) not violate any criminal law of the United States, this state, or any other state or territory, (2) not be in possession of any weapons, and (3) have no new arrests. The defendant's probationary period commenced on December 20, 2011.

Thereafter, the defendant was arrested for an incident that occurred on March 10, 2013. Lorenzo Christian, the victim, was shot in the leg, and witnesses identified the defendant as the shooter. The defendant was charged with violation of probation, pursuant to General Statutes § 53a-32. The trial court, *Alexander, J.*, presided over the three day trial on the violation of probation charge. The adjudicatory phase was tried on September 9 and September 11, 2013, and the dispositional phase was tried on September 16, 2013. The court found that the state had met its burden of showing that the defendant had violated a condition of his probation by committing the felony of carrying a pistol without a permit in violation of General Statutes § 29-35. The court revoked the defendant's probation, and imposed a ten year period of incarceration, which had previously been suspended when he was convicted of assault in 2011.

On October 29, 2013, the defendant entered a guilty plea, pursuant to the *Alford* doctrine,[1] to carrying a pistol without a permit in violation of § 29-35 (a). The court allowed the entry of an *Alford* plea because the defendant contested the facts underlying the violation of probation finding.[2] The defendant was ultimately sentenced, on the firearm charge, to four years incarceration, one year of which was mandatory, to run concurrent with his previous sentence of ten years.

On February 19, 2014, the defendant filed this appeal, from the violation of probation ruling, to challenge the sufficiency of the evidence that formed the basis for

that finding. He did not file, however, a timely appeal to challenge the voluntariness of his subsequent *Alford* plea to the firearm charge on the basis that he would not have entered the plea if he had understood that it would cause his appeal from the probation matter to become moot.[3] The defendant subsequently filed a motion for permission to file a late appeal with this court on November 7, 2016. In the motion, the defendant claimed, as the basis for good cause to file a late appeal, that his current counsel had been unaware that he had previously pleaded guilty, pursuant to the *Alford* doctrine, to the firearm charge. On November 10, 2016, we denied the defendant's motion to file a late appeal to challenge his *Alford* plea to the firearm charge. Additional facts will be set forth as necessary.

Although neither party briefed the issue of whether this appeal is moot in light of the defendant's *Alford* plea, the question involves this court's subject matter jurisdiction and was addressed by both parties during oral argument to this court. See *Haynes* v. *Middletown*, 306 Conn. 471, 474, 50 A.3d 880 (2012). Thus, we must consider at the outset whether we have subject matter jurisdiction to decide the defendant's challenge to the finding that he violated his probation. The defendant raised the issue of subject matter jurisdiction over the present appeal in his motion to file a late appeal to challenge the validity of his *Alford* plea. At oral argument, the defendant claimed that, despite his *Alford* plea to the charge that constituted the factual basis for the violation of his probation, this court has subject matter jurisdiction over his challenge to the trial court's finding that he violated his probation because he had filed a motion to file a late appeal, thus preserving a live controversy. Additionally, he argued that the present appeal is not moot because the court, during the criminal proceeding, had attempted to preserve the defendant's right to appeal by allowing him to enter an *Alford* plea, and that the court and the defendant's attorney had failed to recognize that entering the *Alford* plea would preclude him from challenging on appeal the violation of probation finding. In particular, he argues that the trial court, during the criminal proceeding for the same incident that formed the basis for the violation of probation finding, "indicated to the defendant its belief that entering an *Alford* plea would not impact his appellate rights in the violation of probation matter."

During oral argument to this court, the state, in turn, alleged that even if the defendant entered the *Alford* plea unknowingly and involuntarily,[4] this court lacks subject matter jurisdiction over this appeal because, pursuant to *State* v. *T.D.*, 286 Conn. 353, 360, 944 A.2d 288 (2008), and its progeny *State* v. *Rodriguez*, 320 Conn. 694, 695, 132 A.3d 731 (2016), no live controversy existed once the defendant pleaded guilty to the firearm charge under the *Alford* doctrine. Once he entered the *Alford* plea, he effectively admitted to the criminal con-

duct underlying the violation of probation. Additionally, the state argued that any failure of the defendant's trial counsel to understand that the entry of the *Alford* plea would cause this appeal to become moot is more appropriately the subject of a petition for a writ of habeas corpus. We agree with the state that the appeal is moot.

"Mootness implicates a court's subject matter jurisdiction and, therefore, presents a [claim] over which we exercise plenary review." *State* v. *T.D.*, supra, 286 Conn. 361. To be justiciable, a case must contain "an actual controversy between or among the parties to the dispute . . . . [T]he requirement of an actual controversy . . . is premised upon the notion that courts are called upon to determine existing controversies, and thus may not be used as a vehicle to obtain advisory judicial opinions on points of law. . . . Moreover, [a]n actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Citations omitted; footnote omitted; internal quotation marks omitted.) *In re Allison G.*, 276 Conn. 146, 165, 883 A.2d 1226 (2005).

Our Supreme Court's decision in *State* v. *T.D.*, supra, 286 Conn. 353, is dispositive of the defendant's claim. In that case, the court opined that "it is the fact of a conviction itself, regardless of the route by which it has been obtained, that eliminates any controversy over whether a violation of probation has occurred. As this court repeatedly has indicated, a conviction based on a guilty plea is the functional equivalent of a conviction following a guilty verdict by a jury." Id., 364. The court in *T.D.* concluded that "[i]f a defendant has been convicted of criminal conduct, following either a guilty plea, *Alford* plea or a jury trial, and the defendant does not challenge that conviction by timely appealing it, then the conviction conclusively establishes that the defendant engaged in that criminal conduct. An appeal challenging a finding of violation of probation based on that conduct is, therefore, moot." Id., 366; see also *State* v. *McElveen*, 261 Conn. 198, 218, 802 A.2d 74 (2002) ("[T]he defendant is seeking review of the trial court's determination that he violated probation by virtue of his criminal conduct . . . . By admitting to that very conduct by virtue of his guilty plea and the resultant judgment of conviction . . . the defendant has eliminated the controversy before the court.").

A recent decision of our Supreme Court confirms and further illustrates the mootness of the current appeal: "When a criminal defendant has been found to have violated the terms of his probation on the basis of allegations that he has committed a new crime while on probation, his appeal from the finding of violation of

probation, contending that there was insufficient evidence for the trial court to conclude that he committed the new crime, is rendered moot if, subsequent to that finding, he either pleads guilty to or is convicted at trial of having committed the new crime. This is true because, as a matter of law, when a condition of probation is that the offender is to refrain from violating any criminal laws, conviction of a new crime conclusively establishes a probation violation." *State* v. *Rodriguez*, supra, 320 Conn. 695. The court in *Rodriguez* acknowledged that *T.D.* carved out a narrow exception to this rule, in that it held that "when a defendant under these circumstances takes a timely direct appeal from his conviction on the new criminal charge, his violation of probation cannot be presumed, and an appellate court is not barred from considering the merits of the probation violation appeal" because a live controversy remains. Id.; see *State* v. *T.D.*, supra, 286 Conn. 360.

The defendant here claimed, during oral argument, that this appeal is not moot because the trial court allegedly assured him that, by entering the *Alford* plea to the underlying criminal conduct that formed the basis for the violation of probation finding, he would not be precluded from bringing a subsequent appeal to challenge the violation of probation finding. We hold that this claim is both factually and legally incorrect, and, thus, we dismiss the appeal.

We conclude, upon a review of the record, that the defendant's claim is factually incorrect because the court never promised the defendant that, by entering an *Alford* plea, he would not be precluded from appealing the violation of probation finding. At the October 29, 2013 plea hearing, the defendant's attorney stated that "[m]y only concern is . . . I'm thinking I might need a nolo plea. I don't know what effect this is going to have on his potential [probation] appeal and if nolo would preserve that or not." Although the defendant's attorney expressed concern about filing a subsequent appeal to challenge the probation violation finding, he did not specify that he was concerned, in particular, with a mootness issue in regard to filing an appeal on that ground. The court, in response to the concern of the defendant's attorney, stated that it would "note [the plea] as an *Alford* plea because clearly [the defendant] was contesting the underlying facts which formed the violation of probation. So, again, it's not being used as an admission against [the defendant]. It's being used so that he can take advantage of a plea agreement."

From this colloquy, we conclude that the court never expressly assured the defendant that, by entering an *Alford* plea, that plea would not create a mootness issue in a subsequent appeal to challenge the violation of probation finding. It is not, as the defendant argues, clear that the court was attempting to preserve his right to appeal the violation of probation finding. Rather, the

transcript reflects an attempt, by the court, to ensure that the plea reflected the defendant's disagreement with the underlying facts that constituted the basis for the violation of probation finding. Thus, the defendant's claim that the court provided an assurance that this appeal would not become moot is not supported by the record.

The defendant's claim that this appeal is not moot because of the trial court's assurances is also legally incorrect. To the extent that the defendant argues that this appeal is not moot because the court allegedly guaranteed him that entering an *Alford* plea would preserve for appeal his challenge to the violation of probation finding, he is incorrect because the court cannot promise a result that is counter to existing case law. *Potvin* v. *Lincoln Service & Equipment Co.*, 298 Conn. 620, 650, 6 A.3d 60 (2010) ("[a] trial court may not overturn or disregard binding precedent"). Under *T.D.*, the fact of a conviction itself, regardless of the route by which it has been obtained, eliminates any controversy over whether a violation of probation has occurred. *State* v. *T.D.*, supra, 286 Conn. 366. An *Alford* plea is a guilty plea, resulting in a conviction. Thus, in the present matter, the defendant was precluded, under *T.D.* and *Rodriguez*, from challenging the violation of probation finding once he had entered an *Alford* plea to an offense constituting the same conduct that served as the basis for that finding, because the conviction of that crime conclusively established a probation violation. Moreover, the defendant cannot demonstrate that the facts of this case fall within the narrow exception articulated in *T.D.*, which would allow us to consider the merits of his insufficiency of the evidence challenge, because he failed to timely file a direct appeal to challenge the validity of his *Alford* plea and his motion to file a late appeal was denied. *State* v. *T.D.*, supra, 366–67. As the defendant conceded at oral argument, we are bound by precedent and, therefore, conclude that this appeal is moot because his conviction, stemming from the same conduct that served as the basis for the violation of probation, conclusively established that the defendant engaged in that criminal conduct. Thus, there is no live controversy left for us to resolve.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] The following portion of the transcript from the defendant's plea hearing is relevant to this appeal:

"[Defense Counsel]: My only concern is, Your Honor, I'm thinking I might need a nolo plea. I don't know what effect this is going to have on his potential appeal and if nolo would preserve that or not.

"The Court: Do you want to call it an *Alford* plea? So he disagrees with the facts—

"[Defense Counsel]: Yes.

"The Court: —and—but he wants to take the plea agreement rather than the risk of a trial on this matter. So we'll note it as an *Alford* plea because clearly he was contesting the underlying facts which formed the violation

of probation. So, again, it's not being used as an admission against him. It's being used so that he can take advantage of a plea agreement."

[3] The defendant states, in his motion for permission to file a late appeal from the firearm conviction, that he was "unaware of the potential jurisdictional defect his guilty plea created in his appeal of the violation of probation."

[4] See *State* v. *Crenshaw*, 210 Conn. 304, 309, 554 A.2d 1074 (1989) ("every valid guilty plea must be demonstrably voluntary, knowing and intelligent" [internal quotation marks omitted]).

---