STATE OF CONNECTICUT *v.* LUISA BERMUDEZ
(AC 24900)

DiPentima, Gruendel and Foti, Js.

Argued December 6, 2005—officially released February 21, 2006

*Brian D. Russell*, special public defender, for the appellant (defendant).

*Michele C. Lukban*, assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, *Joseph J. Harry*, senior assistant state's attorney, and *Michael E. Criscuolo*, special deputy assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, Luisa Bermudez, appeals from the judgment of the trial court revoking her probation and committing her to the custody of the commissioner of correction for five years. On appeal, the defendant claims that there was insufficient evidence to support a finding of a violation of probation. We affirm the judgment of the trial court.

On December 12, 2001, the defendant pleaded guilty to sale of narcotics in violation of General Statutes § 21a-277 (a) and received a total effective sentence of five years incarceration, execution suspended, and three years of probation. While the defendant was serving her probation, she was charged in connection with an armed robbery in Bridgeport. Thereafter, she was charged with violating her probation. On May 23, 2003, the court found that the defendant had violated her probation by participating in the robbery. The court concluded that the defendant was not amenable to further rehabilitation and therefore sentenced her to five years incarceration. The defendant then filed this appeal from the judgment revoking her probation. The defendant subsequently was found guilty of two counts of robbery in the first degree in violation of General Statutes § 53a-134 (a) (2), and one count of conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 and 53a-134 (a) (2). The court sentenced the defendant to thirteen years incarceration, consecutive to the five year term for her violation of probation.[1]

The state argues that this appeal is moot because of the defendant's subsequent conviction on the charges of robbery in the first degree and conspiracy to commit robbery in the first degree. Those charges gave rise to the defendant's violation of probation, but she did not plead guilty to them. She therefore retained her right to appeal from her conviction on those charges as well as from the revocation of her probation. See *State* v. *Theoferlius D.*, 93 Conn. App. 88, 90–92, 888 A.2d 118 (2006).[2]

---

[1] The defendant's appeal from her conviction on the robbery charges currently is pending before this court.

[2] The state argues that collateral estoppel also applies, but we disagree. As we noted in *State* v. *Theoferlius D.*, supra, 93 Conn. App. 92 n.2, when the issue concerns the effect of a conviction of criminal conduct giving rise to a violation of probation on a judgment of revocation of probation, mootness is implicated, but collateral estoppel is not.

We first set forth the standard of review for this appeal. "In a probation revocation proceeding, the state bears the burden of proving by a fair preponderance of the evidence that the defendant violated the terms of his probation. . . . This court may reverse the trial court's finding that a defendant violated the terms of his probation only if such finding is clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence to support it . . . or . . . the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In making this determination, every reasonable presumption must be given in favor of the trial court's ruling." (Internal quotation marks omitted.) *State* v. *Boykin*, 83 Conn. App. 832, 840, 851 A.2d 384, cert. denied, 271 Conn. 911, 859 A.2d 570 (2004).

The court found that the armed robbery occurred at approximately 2 a.m. on July 8, 2002. Robert Gagstetter and Esau Roque were sitting in a parked vehicle when three masked assailants ordered them to turn over their money and jewelry. Gagstetter, who was acquainted with the defendant, recognized her voice when a female assailant demanded his jewelry. Following the robbery, Gagstetter gave the police the defendant's address. The police visited the defendant's apartment and discovered the items that had been stolen. We conclude that those facts were sufficient for the state to prove by a fair preponderance of the evidence that the defendant was involved in the robbery and, accordingly, violated the terms of her probation.

The judgment is affirmed.

In this opinion the other judges concurred.