## STATE OF CONNECTICUT *v.* EDWARD SINGER
### (AC 25846)

Flynn, C. J., and Bishop and Stoughton, Js.

---

Argued February 15—officially released June 6, 2006

*Mary H. Trainer*, special public defender, for the appellant (defendant).

*Frederick W. Fawcett*, supervisory assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *John C. Smriga*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

STOUGHTON, J. The defendant, Edward Singer, appeals from the judgment of the trial court revoking his probation and committing him to the custody of the

commissioner of correction for the remainder of his sentence. On appeal, he claims that the court (1) improperly found that he had violated the conditions of his probation and (2) abused its discretion in revoking his probation and sentencing him. We affirm the judgment of the trial court.

The following facts are relevant to the defendant's appeal. On June 24, 1991, having pleaded guilty to two counts of robbery in the first degree, the defendant was sentenced to a total effective term of twenty-five years incarceration, execution suspended after fifteen years, followed by five years of probation. On June 13, 2003, the defendant was released from prison, and, on July 9, 2003, he signed the conditions of his probation, which included a special condition that he not carry, possess or control any weapon.

On the early morning of January 6, 2004, the defendant and another man, James Pierson, arrived at the New Haven apartment of a woman named Kerry Soules. The three remained in the apartment drinking alcohol. Pierson was in possession of a handgun and at some point fired the gun into a wall of the apartment.

Eventually, the three decided to walk to a store a few blocks away. On their way back to Soules' apartment, the defendant entered a backyard in order to relieve himself. Michael Miller, the resident of the property, drove up in a van just as the defendant was exiting the backyard. Miller asked the defendant what he was doing on his property, and the defendant answered him. As Miller got out of his van to confront the defendant, the defendant and Pierson struggled over possession of the gun. The defendant took the gun, pointed it at Miller and threatened him, stating, "You don't want to mess with me." Miller backed away into the doorway of his residence, and the defendant continued walking along the street. Although his view was obstructed,

Miller heard the sound of a single gunshot. Soules, who had walked ahead of the others along the street to avoid the confrontation, also heard a gunshot.

Shortly thereafter, Officer Diane Gonzales of the New Haven police department received a radio call reporting the incident. She arrived at the scene within minutes and spoke with Miller. Miller, who had recognized Soules as his neighbor, informed Gonzales of Soules' address. Gonzales then went to Soules' apartment and found the defendant, Pierson and Soules inside. Soules directed Gonzales to a dresser drawer in her bedroom where Gonzales found a Ruger .357 caliber revolver. The gun contained one spent round and five live rounds. The defendant was arrested and, when patted down, a live bullet was found in his jacket.

In response to the incident, the defendant's probation officer issued a warrant for the defendant's arrest on the ground that he had violated his probation by possessing, controlling or carrying a firearm. A violation of probation hearing was held over a three day period and, on August 17, 2004, the court concluded that the state had established by a fair preponderance of the evidence that the defendant had violated the terms of his probation. The court returned the defendant to the custody of the commissioner of correction to serve the remaining ten years of his sentence. The defendant appeals from the court's judgment.

I

At the outset, we address the question of whether the defendant's appeal has become moot. Citing *State* v. *McElveen*, 261 Conn. 198, 802 A.2d 74 (2002), and *State* v. *Singleton*, 274 Conn. 426, 876 A.2d 1 (2005), the state claims that the appeal is moot because the defendant was convicted in federal court on the basis of the events that formed the basis for the violation of probation, which eliminated any controversy as to

whether the defendant was in possession of a gun for the purposes of his appeal. We do not agree.

The following additional facts are relevant to the issue of mootness. On June 24, 2004, the defendant was indicted by a federal grand jury under 18 U.S.C. § 922 (g) (1) for possession of a firearm and ammunition by a convicted felon. He subsequently was convicted after a jury trial in the United States District Court for the District of Connecticut and, on April 5, 2005, was sentenced to 235 months incarceration. It is undisputed that the factual basis for the defendant's federal conviction was his possession of the gun on January 6, 2004, the same facts that provided the basis for the violation of probation. The defendant appealed from the federal conviction prior to oral argument before this court.

In *State* v. *Singleton*, supra, 274 Conn. 439, our Supreme Court affirmed its holding in *State* v. *McElveen*, supra, 261 Conn. 198, stating that "[w]here, subsequent to a finding of violation of probation, a defendant is criminally convicted for the same conduct underlying the violation of probation, his appeal from that judgment of violation of probation is rendered moot because there is no longer any live controversy about whether he engaged in the conduct for which his probation was violated." *State* v. *Singleton*, supra, 439. We agree with the defendant that this case is distinguishable from *McElveen* and *Singleton* because in those cases the defendants had pleaded guilty to the criminal conduct that gave rise to the violation of probation, whereas in the present case, the defendant never admitted his guilt and, although he was found guilty by the jury, he has appealed from his conviction. See *State* v. *Bermudez*, 93 Conn. App. 814, 816, 890 A.2d 584, cert. granted on other grounds, 278 Conn. 910, 899 A.2d 39 (2006).[1]

---

[1] In the present case, the defendant's federal appeal still is pending. We do not decide, therefore, whether an outcome in the federal appeal would render moot an appeal from a judgment of violation of probation on the basis of the same conduct. See *State* v. *Bermudez*, supra, 93 Conn. App. 816 n.1.

Consequently, we conclude that the defendant's claims on appeal are not moot.

## II

We now turn to the claims made by the defendant. The defendant asserts that the court (1) improperly found that he had violated the conditions of his probation and (2) abused its discretion in revoking his probation and sentencing him. We affirm the judgment of the trial court.

We note at the outset that "[a] revocation of probation hearing has two distinct components and two purposes. A factual determination by a trial court as to whether a probationer has violated a condition of probation must first be made. If a violation is found, a court must next determine whether probation should be revoked because the beneficial aspects of probation are no longer being served. . . . Since there are two distinct components of the revocation hearing, our standard of review differs depending on which part of the hearing we are reviewing. . . .

"A trial court initially makes a factual determination of whether a condition of probation has been violated. In making its factual determination, the trial court is entitled to draw reasonable and logical inferences from the evidence. . . . Our review is limited to whether such a finding was clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In making this determination, every reasonable presumption must be given in favor of the trial court's ruling. . . .

"The standard of review of the trial court's decision at the sentencing phase of the revocation of probation

hearing is whether the trial court exercised its discretion properly by reinstating the original sentence and ordering incarceration. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Internal quotation marks omitted.) *State* v. *Faraday*, 268 Conn. 174, 185–86, 842 A.2d 567 (2004).

A

We first address the defendant's claim that there was an insufficient factual basis on which the court reasonably could have determined that he had violated a condition of his probation. We conclude that the findings made by the court sufficiently established by a fair preponderance of the evidence that the defendant had possessed a gun and, therefore, violated the special condition of his probation prohibiting him from carrying, possessing or controlling any weapon.

"[A] trial court may not find a violation of probation unless it finds that the reasonable predicate facts underlying the violation have been established by a preponderance of the evidence at the hearing. That is, the evidence must induce a reasonable belief that it is more probable than not that the defendant has violated a condition of his or her probation." (Internal quotation marks omitted.) *State* v. *Treat*, 38 Conn. App. 762, 767, 664 A.2d 785, cert. denied, 235 Conn. 920, 665 A.2d 907 (1995). "In making its factual determination, the trial court is entitled to draw reasonable and logical inferences from the evidence." (Internal quotation marks omitted.) *State* v. *McElveen*, 69 Conn. App. 202, 205, 797 A.2d 534 (2002).

At the revocation of probation hearing, Soules testified that the defendant was the individual who had

urinated in Miller's driveway and who was confronted by Miller. Miller testified that the individual he found urinating on his property was the same individual who had pointed a gun at his chest. In a report to the police shortly after the incident, Miller described in detail the individual who had threatened him. The court found that Soules' testimony, the testimony of Miller and Miller's description of the defendant, taken together, established by a preponderance of the evidence that the defendant had possession of a weapon and therefore violated a special condition of his probation. We conclude that this finding was supported by the evidence and was not clearly erroneous.[2]

## B

We next address the defendant's claim that the court, after finding that the defendant had violated the conditions of his probation, abused its discretion in revoking his probation and ordering him to serve the remainder of his sentence. We conclude that the court did not abuse its discretion.

"If a violation [of a condition of probation] is found, a court must next determine whether probation should be revoked because the beneficial aspects of probation are no longer being served." (Internal quotation marks omitted.) *State* v. *Brunette*, 92 Conn. App. 440, 447, 885 A.2d 227 (2005), cert. denied, 277 Conn. 902, 891 A.2d

---

[2] The defendant argues that the court's finding was inadequate because the court relied solely on the testimony of Soules and Miller to reach its conclusion. Witness testimony alone, however, can be an adequate basis on which a fact finder may find that a defendant violated his probation, however. See, e.g., *State* v. *Smith*, 57 Conn. App. 290, 298–99, 748 A.2d 883, cert. denied, 253 Conn. 916, 754 A.2d 164 (2000).

The defendant claims further that because neither Soules nor Miller saw the defendant discharge the gun, there is insufficient evidence to prove that he acted in that way. The special condition of the defendant's probation prohibits him from carrying, possessing or controlling any weapon. The court's finding that the defendant simply had pointed a gun at Miller, therefore, was sufficient to establish a violation of probation.

2 (2006). "On the basis of its consideration of the whole record, the trial court may continue or revoke the sentence of probation . . . [and] . . . require the defendant to serve the sentence imposed or impose any lesser sentence. . . . In making this second determination, the trial court is vested with broad discretion. . . . In determining whether to revoke probation, the trial court shall consider the beneficial purposes of probation, namely rehabilitation of the offender . . . . The important interests in the probationer's liberty and rehabilitation must be balanced, however, against the need to protect the public." (Internal quotation marks omitted.) *State* v. *Durant*, 94 Conn. App. 219, 227, 892 A.2d 302, cert. granted on other grounds, 278 Conn. 906, 897 A.2d 100 (2006).

In arriving at its decision to revoke the defendant's probation, the court considered the defendant's federal indictment as one basis for concluding that the beneficial aspects of the defendant's probation no longer were being served. The defendant argues that the court's consideration of the federal indictment indicates that the court, in ordering him to serve the remainder of his sentence, improperly imposed a punitive sentence on the basis of a new crime for which he was not yet convicted. We disagree.

It is clear from the record that the court made its determination that "any purpose of probation would be meaningless" on the basis of the totality of the defendant's extensive criminal record. Before reaching its conclusion, the court heard arguments from counsel as well as a statement from the defendant. Evidence was presented concerning the defendant's history of numerous serious robbery convictions and multiple prison sentences. In addition, the court placed great emphasis on both the seriousness of the present incident[3] as well

[3] The court contemplated that the incident could have resulted in serious physical injury had Miller not taken evasive action in response to the defendant's pointing a loaded gun at his chest and verbally threatening him.

as the defendant's lack of remorse and unwillingness to take responsibility for his actions.[4] On the basis of the whole record, we cannot say that the court abused its discretion when it ordered the defendant to serve the remaining ten years of his sentence.

The judgment is affirmed.

In this opinion the other judges concurred.

[4] The defendant stated to the court: "I don't understand how I'm before the court again. . . . The whole incident with this guy never happened. . . . They've been lying in their statements . . . ."