**UNITED STATES of America,**
**Appellee,**

v.

**Edward SINGER, Defendant–Appellant.**

**No. 05–2010–cr.**

United States Court of Appeals,
Second Circuit.

July 20, 2007.

Audrey A. Felsen, Law Offices of Bruce Donald Koffsky, Stamford, CT, for Appellant.

Henry K. Kopel, Assistant United States Attorney (William J. Nardini, on the brief), for Kevin. J. O'Connor, United States Attorney for the District of Connecticut, New Haven, CT, for Appellee.

Present: ROSEMARY S. POOLER, B.D. PARKER and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Edward Singer appeals from the April 6, 2005, judgment of

conviction entered by the district court following a jury verdict finding Singer guilty of one count of being a felon in possession of a firearm. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

■ We reject Singer's argument that the district court should have instructed the jury on a justification defense. Assuming without deciding that such a defense exists for violations of 18 U.S.C. § 922(g)(1), *see United States v. Williams*, 389 F.3d 402, 404–05 (2d Cir.2004), the district court correctly found that Singer had failed to set forth the requisite factual basis for that defense. "A defendant is entitled to an instruction on an affirmative defense only if the defense has a foundation in the evidence." *United States v. Gonzalez*, 407 F.3d 118, 122 (2d Cir.2005) (internal quotation marks omitted). The defendant "must make some showing on each element" of the proffered defense. *Id.* As Singer acknowledges, one element of the justification defense is that the defendant had no reasonable legal alternative to the illegal conduct. In this case, every witness testified that Singer was either standing on the sidewalk or in the middle of the street several feet away from Miller when he reached for the gun. Thus, there is no indication that Singer could not simply have walked away from the apartment building just like his two companions did. Although Singer understandably relies on the fact that Miller also reached into his jacket pocket as if he had a weapon, the record is undisputed that Miller did so only *after* Singer had already taken possession of the gun and indicated that fact to Miller. Thus, there is no evidence of "necessity" for the *possession* of the weapon, the crime for which Singer was convicted.

■ We also find no error in the district court's denial of Singer's request for a mistrial based on the colloquy with Juror # 12. The district court was not required to send the jury back for further deliberations under Federal Rule of Criminal Procedure 31(d) because that rule only applies "[i]f the poll reveals a lack of unanimity." Juror # 12 never expressed any disagreement with the verdict at the time it was read. Rather, she only indicated she may have earlier had a different view. When asked directly whether she agreed with the verdict that had just been delivered, Juror # 12 answered "yes" without qualification or explanation. Similarly, because Juror # 12 never indicated any current disagreement with the verdict, there is no support in the record for Singer's claim that the district court's questioning coerced Juror # 12 into a rendering a verdict with which she may not have agreed. Finally, to the extent Singer requests a new trial because Juror # 12's statements may have indicated a misunderstanding of the burden of proof, courts do not inquire into the jury's deliberative process except in narrow situations not present here. *See* Fed.R.Evid. 606(b).

Accordingly, the judgment of the district court is AFFIRMED.