## STATE OF CONNECTICUT *v.* EDWARD SINGER
## (SC 17727)

Rogers, C. J., and Norcott, Katz, Palmer and Vertefeuille, Js.

Submitted on briefs October 24—officially released December 16, 2008

*Frederick W. Fawcett,* supervisory assistant state's attorney, filed a brief for the appellant (state).

*Mary Trainer,* special public defender, and *Martin Zeldis,* public defender, filed a brief for the appellee (defendant).

*Opinion*

PER CURIAM. The defendant, Edward Singer, pleaded guilty to two counts of robbery in the first degree in violation of General Statutes § 53a-134 in 1991, and was sentenced to a total effective term of twenty-five years imprisonment, execution suspended after fifteen years, with five years of probation. In 2003, the defendant was released from prison and began to serve his probation, one condition of which was that he not carry, possess or control any weapon. While on probation, the defendant was arrested for allegedly firing a gunshot. After a patdown search of the defendant revealed a live bullet in his jacket, the defendant was charged with two counts of violation of probation under General Statutes (Rev. to 2003) § 53a-32. He was convicted of those charges after a trial to the court and was sentenced to serve the remainder of his original sentence. He appealed from that judgment to the Appellate Court. *State* v. *Singer,* 95 Conn. App. 844, 898 A.2d 222 (2006).

In the Appellate Court, the state claimed that the appeal was moot because the defendant had been convicted following a jury trial in the United States District Court for the District of Connecticut of possession of a firearm and ammunition by a convicted felon; see 18 U.S.C. § 922 (g) (1); on the basis of the events that had led to the violation of probation charge. *State* v. *Singer,* supra, 95 Conn. App. 847–48. The state maintained that the federal conviction eliminated any controversy as to whether the defendant was in possession of a gun, but the Appellate Court disagreed and held that the appeal was not moot because the defendant had not admitted

his guilt. Id., 848. The Appellate Court also noted that the defendant had appealed from his federal conviction and that the federal appeal was still pending. Id.[1]

The Appellate Court then considered the merits of the defendant's claims and affirmed the judgment of the trial court revoking his probation. Id., 853. We granted the state's petition for certification on the following issue: "Did the Appellate Court properly conclude that the defendant's appeal was not moot?" *State* v. *Singer*, 280 Conn. 902, 907 A.2d 89 (2006).[2]

In *State* v. *T.D.*, 286 Conn. 353, 354, 944 A.2d 288 (2008), this court addressed the question of whether an appeal from a finding of violation of probation is rendered moot when, during the pendency of the appeal, the defendant is convicted, following a jury trial, of the crime underlying the probation violation charge. We held that when the defendant is pursuing an appeal from the underlying conviction, a live controversy exists over whether the defendant engaged in the criminal conduct that formed the basis for the probation violation charge. Id., 367. This case is controlled by *State* v. *T.D.*, supra, 366–67, on the question of mootness.

After ordering the parties to file briefs addressing why the Appellate Court's judgment should not be affirmed in light of our decision in *State* v. *T.D.*, supra, 286 Conn. 353, and, after considering those briefs, we now affirm the Appellate Court's judgment.

The judgment of the Appellate Court is affirmed.

---

[1] After the Appellate Court published its decision, the United States Court of Appeals for the Second Circuit affirmed the judgment of conviction of the underlying crime. *United States* v. *Singer*, 241 Fed. Appx. 727 (2d Cir. 2007).

[2] The defendant filed a petition for certification to appeal challenging the Appellate Court's affirmance of the trial court's judgment revoking his probation. This court denied the petition. *State* v. *Singer*, 279 Conn. 909, 902 A.2d 1070 (2006).