17-167-cr
Shabazz v. United States of America

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2017

(Argued: February 26, 2018        Decided: January 4, 2019 )

Docket No. 17-167

_____

AL-MALIK FRUITKWAN SHABAZZ, fka Edward Levi Singer,

*Petitioner-Appellee,*

v.

UNITED STATES OF AMERICA,

*Respondent-Appellant.*

_____

Before:

KATZMANN, *Chief Judge,* LEVAL, *Circuit Judge,* and BERMAN, *District Judge.*[*]

The government appeals from the judgment of the United States District Court for Connecticut (Stefan R. Underhill, *J.*) granting petitioner Al-Malik Fruitkwan Shabazz's motion under 28 U.S.C. § 2255 to set aside his sentence imposed under the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e), on the ground that his prior convictions for robbery under Con. Gen. Stat. § 53a-133 did not qualify as ACCA predicates under ACCA's Force Clause, mandating a sentence of at least fifteen years imprisonment.

_____

[*] Judge Richard M. Berman, United States District Court for the Southern District of New York, sitting by designation.

Held, any offense that satisfies the essential elements of robbery under § 53a-133 involves use or threat of force capable of causing pain or injury and thus qualifies as an ACCA predicate. REVERSED.

CHARLES F. WILLSON, Federal Defender's Office, Hartford, CT, *for Petitioner-Appellee*.

JOCELYN COURTNEY KAOUTZANIS (Marc H. Silverman, *on the brief*), on behalf of Deirdre M. Daly, United States Attorney, District of Connecticut, New Haven, CT, *for Respondent-Appellant*.

LEVAL, *Circuit Judge*:

This is an appeal by the United States from a grant of habeas corpus under 28 U.S.C. § 2255 by the United States District Court for the District of Connecticut (Stefan R. Underhill, *J*.) in favor of petitioner Al-Malik Fruitkwan Shabazz, requiring reduction of Shabazz's sentence. The question presented by the appeal is whether the offense of robbery, as defined by Connecticut's basic robbery statute, Conn. Gen. Stat. § 53a-133, is a "violent felony" as that term is used in the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e). That issue turns on whether robbery, as specified in § 53a-133, has as an essential element the use or threatened use of force that is capable of causing pain or injury. *See Johnson v. United States*, 559 U.S. 133 (2010) ("*2010 Johnson*").

2

Shabazz was convicted in 2004 in the United States District Court for Connecticut on one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). At the time, Shabazz had, among other convictions, four prior Connecticut state-court robbery convictions under § 53a-133. If at least three of those prior convictions were for violent felonies as that term has been defined by the Supreme Court for purposes of the ACCA statute, ACCA mandated a sentence of at least fifteen years imprisonment. In sentencing Shabazz for the firearm violation, the district court concluded that a mandatory fifteen-year sentence was required by ACCA and sentenced Shabazz to 235 months imprisonment. [1]

Since that time, decisions of the United States Supreme Court and our court have substantially altered the meaning of ACCA. Shabazz brought this petition for habeas corpus contending that ACCA, as currently understood, no longer applies to his robbery convictions because, he argues, one can be convicted of robbery in Connecticut for a theft that does not employ force capable of causing pain or injury. The district court, in a thoughtful, scholarly

---

[1] The district court started with the mandatory minimum sentence as the baseline and determined, based on aggravating circumstances of Shabazz's offense, that a sentence above that minimum was warranted.

3

opinion, agreed with Shabazz and granted his petition. The court vacated his prior sentence, sentenced him to 120 months imprisonment, and released him from custody because he had completed service of the new sentence. The cornerstone of the district court's ruling was that robbery under § 53a-133 does not necessarily involve use of force that is capable of causing pain or injury.

The government brought this appeal, arguing that Connecticut's core robbery statute does require force (or threat of force) that is capable of causing pain or injury. If the government is correct, Shabazz had at least three prior violent felonies, and therefore faced a mandatory sentence of at least fifteen years under ACCA.

We respectfully disagree with the district court's view that Connecticut's robbery statute does not require at a minimum force that would satisfy the ACCA standard. We think that the threat of force capable of causing pain or injury is inherent in the crime of robbery. Accordingly, we VACATE the judgment.

# BACKGROUND

In 2005, Shabazz was convicted of one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1). *See United States v. Singer*, No. 3:04-cr-210-1 (SRU) (doc. 1, 71). In addition to other convictions, Shabazz had four prior Connecticut convictions for various degrees of robbery, each of which included a conviction under § 53a-133.

Robbery in Connecticut is defined under a statutory scheme that includes a basic robbery offense under § 53a-133, and additional statutes that define the aggravating factors, such that all robbery convictions must include a conviction under § 53a-133, and any conviction for aggravated degrees of robbery, such as first degree robbery or second degree robbery, requires an additional conviction under the statute that defines the aggravating factors. The basic definition of robbery under § 53a-133 is as follows:

> A person commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of: (1) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking or (2) compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny.

ACCA specifies that a person who violates 18 U.S.C. § 922(g)(1)'s prohibition of possession of a firearm by a convicted felon and has three previous convictions "for a violent felony" (or a serious drug offense) is subject to a mandatory minimum sentence of fifteen years. 18 U.S.C. § 924(e)(1).[2] The term "violent felony" is defined to include any crime

---

[2] The full text of 18 U.S.C. 924(e) states: (e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

(2) As used in this subsection—

(A) the term "serious drug offense" means—

(i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or

(ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802), for which a maximum term of imprisonment of ten years or more is prescribed by law;

(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—

punishable by imprisonment for a term exceeding one year that falls into any of three categories that are defined in clauses (i) and (ii) of § 924(e)(1)(B). The first of these, known as the Force Clause, set forth in subsection (i), is the subject of this appeal. It specifies that the offense "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The second and third categories, the so-called Enumerated Felonies Clause and the Residual Clause, are set forth in subsection (ii). The Enumerated Felonies Clause includes any offense that "is burglary, arson, or extortion, [or] involves use of explosives." 18 U.S.C. § 924(e)(2)(B)(ii). The Residual Clause includes any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id*. In order to determine whether a prior conviction comes within one of the aggravating categories, the Supreme Court ruled in *Taylor v. United*

---

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*; and
(C) the term "conviction" includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.
(The language in italics has been found constitutionally invalid and may not be used for sentencing purposes. *Johnson v. United States*, 135 S.Ct. 2551 (2015).)

*States*, 495 U.S. 575, 600 (1990), that the court must employ a "categorical approach," looking not at the facts of the defendant's prior crimes but at the statute under which he was convicted to determine whether the essential elements of that statute bring the crime within the ACCA requirements.

In sentencing Shabazz on his 2005 conviction for unlawful gun possession, the court concluded on the basis of his prior Connecticut robbery convictions that he was subject to ACCA's fifteen-year mandatory minimum sentence. The court did not explain which of the clauses of the ACCA statute justified its application to his case. Shabazz timely appealed his conviction without contesting the applicability of ACCA, and our court affirmed the judgment by summary order. *United States v. Singer*, 241 F. App'x 727, 729 (2d Cir. 2007).

Subsequent to his conviction, court decisions have altered the meaning of the ACCA statute. In 2010, the Supreme Court interpreted the phrase "physical force" in the Force Clause. *See Johnson v. United States*, 559 U.S. 133 (2010) ("*2010 Johnson*"). The Supreme Court reasoned that because the term "physical force" occurred "in the context of a statutory definition of '*violent felony*,'" the physical force invoked by the statute needed to be "*violent*

8

force—that is, force capable of causing physical pain or injury to another person." *Id*. at 140 (emphasis in original). Therefore, in order for a previous conviction to qualify as an ACCA predicate under the Force Clause, the statutory definition of the crime must require force capable of causing physical pain or injury to another person, or the threat of such force. *Id*. Then, in 2015, in *Johnson v. Unites States*, 153 S. Ct. 2551 (2015) ("*2015 Johnson*"), the Supreme Court struck down ACCA's Residual Clause, finding it to be unconstitutionally vague.

After *2015 Johnson*, Shabazz brought this petition, arguing that his sentence must be set aside because, to the extent the application of ACCA might have depended on the Residual Clause, that clause has since been invalidated, and to the extent it might have depended on the Force Clause, that would have been improper because the crime of robbery as defined by § 53a-133 can be committed by use of force that is not sufficient to cause pain or injury.

The issue before the district court was whether any three of Shabazz's prior Connecticut robbery convictions were obtained under a statute that

required as an essential element the use or threat of force capable of causing pain or injury.

On January 3, 2017, the district court issued a written ruling granting Shabazz's § 2255 motion and vacating his sentence. The court ruled that simple robbery under § 53a-133, without aggravating factors, does not qualify as an ACCA predicate because the crime can be committed by use of levels of force so slight that they are not capable of causing pain or injury. Thus, notwithstanding that two of Shabazz's convictions for first degree robbery qualified as crimes of violence because the aggravating factor necessarily involved violent force, his other robbery convictions did not require violence. Having only two, and not three, prior violent felonies, Shabazz did not qualify for mandatory sentencing under ACCA.[3] The government brought this appeal.

**DISCUSSION**

---

[3] The district court, in adjudicating Shabazz's petition under § 2255, concluded that, in passing Shabazz's sentence in 2005, it had probably relied, at least in part, on the now-unconstitutional Residual Clause to determine that ACCA's mandatory sentencing provision applied. If the elements of § 53a-133 require violent force, ACCA's sentencing provision mandatorily applied to Shabazz under the Force Clause, so that even if the sentencing court had erroneously relied on the Residual Clause, the error was harmless.

10

The government contends that robbery under § 53a-133 requires force capable of causing pain or injury, so that, regardless of whether Shabazz was convicted of aggravating factors, each of his Connecticut robbery convictions qualifies as a violent felony within the meaning of ACCA's Force Clause. Employing the categorical approach mandated by *Taylor*, 495 U.S. at 600; *see also Mathis v. United States*, 136 S. Ct. 2243, 2248-49 (2016) (outlining the categorical approach); *Descamps v. United States*, 570 U.S. 254, 257 (2013) (same), courts identify "the minimum criminal conduct necessary for conviction under a particular statute." *United States v. Acosta*, 470 F.3d 132, 135 (2d Cir. 2006). "The reviewing court 'cannot go behind the offense as it was charged to reach [its] own determination as to whether the underlying facts' qualify the offense as," in this case, a violent felony. *Hill*, 890 F.3d at 55 (quoting *Ming Lam Sui v. INS*, 250 F.3d 105, 117-18 (2d Cir. 2001)).

Connecticut's statute defines robbery essentially as it is understood in the common law and largely throughout the United States, as requiring the use or threat of force to take property from the person of another without the person's consent. Robbery has consistently been treated as an aggravated form of larceny because the taking of property from the person of another

11

against the victim's will by force or threat of force is inevitably capable of causing physical harm to the victim, regardless of whether the force actually employed in the taking of the property is by itself sufficient to cause pain or injury. Scholars of the criminal law underline the inherent potential for physical harm to the victim as the explanation why robbery developed as, and continues to be treated as, an aggravated felony, generally carrying harsher punishments than other forms of larceny. *See* 3 W. LaFave, Substantive Criminal Law § 20.3, p. 221 (3d ed. 2017) ("Robbery, a common-law felony, and today everywhere a statutory felony regardless of the amount taken, may be thought of as aggravated larceny—misappropriation of property *under circumstances involving a danger to the person* as well as a danger to property—and thus deserving of a greater punishment than that provided for larceny. Robbery consists of all six elements of larceny . . . plus two additional requirements: [(1)] that the property be taken from the person or presence of the other and [(2)] that the taking be accomplished by means of force or putting in fear.") (emphasis added); *see also id*. at 222 n.4 ("Robbery may be considered a greater crime than the sum of the two lesser crimes of larceny and assault (or battery). As stated in Model Penal Code § 222.1,

12

Comment at 98 (1980): . . . [T]he robber may be distinguished from the stealthy thief by the hardihood that enables him to carry out his purpose in the presence of his victim and over his opposition—obstacles that might deter ordinary sneak thieves and that justify the feeling of *special danger evoked by robbery*.") (emphasis added); E. Podgor, P. Henning, and N. Cohen, Mastering Criminal Law, p. 215 (2d ed. 2015) ("Robbery, often punished by a lengthy prison term, is an aggravated form of larceny. The offense entails a larceny coupled with the use of force or a threat of violence to dispossess the victim of the property. Robbery is deemed a very serious crime, a felony in every jurisdiction, *because it presents the real danger of immediate serious physical harm to the victim*. . . . Because the actual or potential bodily harm is the primary concern with robbery, it occurs irrespective of the value of the items taken.") (emphasis added).

Notwithstanding a robber's actual use of minimal force (that would not in itself cause pain or injury) to take property from the person of another against the victim's will, those face-to-face circumstances inherently carry an implicit threat of escalation, perhaps because of the victim's predictable reaction, capable of resulting in physical harm. Therefore, even such minimal

force, when employed in a taking of property from the person of another, inherently implicates a realistic threat of causing pain or injury, so that the crime qualifies as an ACCA predicate under *2010 Johnson*.[4] We therefore conclude that the district court erred in its belief that, because the crime of robbery could be committed through the actual use of minimal physical force, it should not be deemed to fall within the category of a crime capable of causing pain or injury.

We conclude that the use or threat of even minimal force on another person in aid of the theft of that person's property, as required by § 53a-133, is inherently capable of causing pain or injury, with the consequence that any violation of § 53a-133 qualifies as an ACCA predicate. Shabazz had three or

---

[4] We note that the Supreme Court, in a very recent decision, *see United States v. Stitt*, 139 S. Ct. 399 (2018), considered whether two state burglary statutes covering entry into vehicles designed or adapted for overnight accommodation categorically fit within the generic definition of "burglary" in the Enumerated Felonies Clause. In holding in the affirmative and distinguishing from earlier cases, *Stitt* relied in significant part on the "inherently dangerous" nature of such burglaries because they create a more significant likelihood of in-person confrontation than burglaries of premises that are less likely to be occupied. *See id.* at 406-07. Because, among other reasons, the statutes in question applied exclusively to a category of burglaries more likely to result in a violent confrontation, the Court held that they fit the enumerated felony of burglary.

more such ACCA predicates. ACCA therefore mandated that he be sentenced to no less than fifteen years imprisonment.

Accordingly, we VACATE the district court's judgment. The district court's judgment on Shabazz's petition vacated his original sentence, substituting the court's new, lesser sentence. The effect of our ruling vacating that judgment is to reinstate the original sentence.

**CONCLUSION**

For the foregoing reasons, the district court's judgment vacating Shabazz's sentence is VACATED, with the consequence that the original sentence is reinstated.