18-1114-pr(L)
Foley v. United States

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 14th day of May, two thousand nineteen.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
             SUSAN L. CARNEY,
                      *Circuit Judges*.

_____

RONALD FOLEY,

             *Petitioner-Appellant*,

             v.                                    18-1114-pr, 18-1115-pr

UNITED STATES OF AMERICA,

             *Respondent-Appellee*.

_____

Appearing for Appellant:      Barclay T. Johnson, Assistant Federal Public Defender, *for* Michael L. Desautels, Federal Public Defender, District of Vermont, Burlington, VT.

Appearing for Appellee:       Gregory L. Waples, Assistant United States Attorney (Eugenia A. P. Cowles, Assistant United States Attorney, *on the brief*), *for* Christina E. Nolan, United States Attorney for the District of Vermont, Burlington, VT.

Appeal from the United States District Court for the District of Vermont (Reiss, *J.*).

    **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

    Ronald Foley appeals from the March 30, 2018 opinion and order of the United States District Court for the District of Vermont (Reiss, *J.*) denying his petition to vacate and correct his sentence pursuant to 28 U.S.C. § 2255. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

    Foley's petition relied on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), holding the residual clause of the Armed Career Criminal Act ("ACCA") void for vagueness, and *Welch v. United States*, 136 S. Ct. 1257 (2016), which made *Johnson* retroactive to cases on collateral review. Foley argued that because the residual clause of the Guidelines in effect prior to *United States v. Booker* is unconstitutionally vague, and his prior convictions are not crimes of violence under the enumerated offenses clause or the force clause of the Guidelines, the prior finding that he was a career offender should be vacated and he should be resentenced. The district court denied his petition. *United States v. Foley*, Nos. 2:1-cr-34, 2:2-cr-40, 2018 WL 1626111 (D. Vt. March 30, 2018).

    The only avenue available for Foley to timely bring his claim is 28 U.S.C. § 2255(f)(3), which provides for a one-year limitations period that runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Even assuming Foley's petition is timely, he cannot succeed on the merits following *Shabazz v. United States*, 912 F.3d 73 (2d Cir. 2019), *reh'g denied*, No. 17-167, 2019 WL 1868008 (2d Cir. April 26, 2019) (robbery conviction under Connecticut General Statute § 53a-133 involves use or threat of force capable of causing pain or injury and thus is a predicate offense under the force clause of the ACCA). While Foley was sentenced under the Guidelines, the relevant language of the Guidelines is identical to the relevant language in ACCA. *See United States v. Gray*, 535 F.3d 128, 130 (2d Cir. 2008) ("In analyzing the definition of 'crime of violence,' we have looked to cases examining the statutory definition of 'violent felony,' as found in the [ACCA], because the operative language of [the Guidelines] and the statute is identical."). Foley's convictions for first degree robbery in Connecticut therefore under *Shabazz* qualify as crimes of violence under the Guidelines, and thus even assuming his petition is timely it could not be granted.

    We have considered the remainder of Foley's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

                  FOR THE COURT:
                  Catherine O'Hagan Wolfe, Clerk