17-514-ag
Wood v. Barr

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2019

(Submitted: October 17, 2019                    Decided: November 1, 2019)

Docket No. 17-514-ag

_____

GIOVANNI HOWARD WOOD,

*Petitioner*,

v.

WILLIAM P. BARR, United States Attorney General

*Respondent*.

_____

Before: WINTER, POOLER, and PARK, *Circuit Judges*.

Petition for review of a decision by the Board of Immigration Appeals,

affirming Immigration Judge's ("IJ") finding Wood removable for an aggravated

felony. We hold that Wood's conviction for first-degree robbery in violation of

Connecticut General Statutes § 53a-134(a)(4) is a crime of violence under 18

U.S.C. § 16(a) and therefore an aggravated felony under 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1101(43)(F). Accordingly, we DENY the petition for review.

DENIED.

_____

GLENN FORMICA, New Haven, CT, *for Petitioner Giovanni Howard Wood*.

KILEY KANE, Senior Litigation Counsel, Office of Immigration Litigation (Stephen J. Flynn, Assistant Director, *on the brief*), for Chad A. Readler, Assistant Attorney General, Civil Division, United States Department of Justice, Washington, DC, *for Respondent William P. Barr, United States Attorney General.*

PER CURIAM:

We hold that first-degree robbery in violation of Connecticut General Statutes § 53a-134(a)(4) is a crime of violence under 18 U.S.C. § 16(a) and as a result, is an aggravated felony for which a petitioner may be removable under 8 U.S.C. § 1227(a)(2)(A)(iii). Accordingly, we DENY the petition for review.

**BACKGROUND**

Giovanni Howard Wood, a native and citizen of Jamaica, came to the United States in 2004 on a tourist visa. He became a lawful permanent resident in 2006. When seventeen years old, Wood pled guilty to first-degree robbery in

2

violation of Connecticut General Statutes § 53a-134(a)(4). He received a sentence of five years' imprisonment, suspended after one year, and five years' probation.

In 2014, the Department of Homeland Security served Wood with a Notice to Appear and charged him as removable for having been convicted of an aggravated felony, either a crime of violence, 8 U.S.C. § 1101(a)(43)(F), or a theft offense, 8 U.S.C. § 1101(a)(43)(G). Before the IJ, Wood challenged his aggravated felony charges and asserted that his conviction was not a crime of violence as defined under 8 U.S.C. § 16(b). He also applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Following a hearing, the IJ ordered Wood removed to Jamaica. The IJ concluded that Wood's conviction was a crime of violence under Section 16(b), but the IJ did not address whether the conviction was a crime of violence under Section 16(a). The IJ found Wood's asylum and withholding of removal claims barred by his aggravated felony conviction and denied CAT relief.

Wood filed a Notice of Appeal from the IJ's decision. Wood argued in relevant part that his conviction was not a crime of violence under Section 16(a), but he did not address Section 16(b). The Board of Immigration Appeals ("BIA") affirmed. The BIA first noted that the IJ relied on Section 16(b), which Wood did

not address. The BIA further stated that Wood's conviction was a crime of violence under Section 16(a).

Wood timely petitioned this Court for review of the BIA's order, and he subsequently moved for a stay of removal, which this Court granted. On appeal, Wood raises two issues. Wood's first argument, that Section 16(b) is void for vagueness, has since been addressed by the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which struck down that provision as unconstitutionally vague. Wood's second argument is that his conviction for Connecticut first-degree robbery is not a crime of violence under Section 16(a).

## DISCUSSION

Whether a specific conviction constitutes an aggravated felony is a question of law, which we review de novo. *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009).

Under Section 16(a), a "crime of violence" is defined as "an offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a).

Wood was convicted for violation of Connecticut General Statutes § 53a-134(a)(4), which states:

4

A person is guilty of robbery in the first degree when, in the course of the commission of the crime of robbery as defined in section 53a-133 or of immediate flight therefrom, he or another participant in the crime . . . (4) displays or threatens the use of what he represents by his words or conduct to be a pistol, revolver, rifle, shotgun, machine gun or other firearm . . . ."

Our Circuit has previously held that Connecticut first-degree robbery is a "violent felony" under the Armed Career Criminal Act (ACCA) in *United States v. Bordeaux*, 886 F.3d 189, 194 (2d Cir. 2018). Like Section 16(a), the ACCA defines a "violent felony" as a crime having "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. §924(e)(2)(B)(i). Given the similarities between the statutes, we have said that "the use of ACCA case law to interpret § 16(a), and vice versa, is widely accepted by our Court and others." *Banegas Gomez v. Barr*, 922 F.3d 101, 108 (2d Cir. 2019).

We adopt the rationale set forth in *Bordeaux* and hold that Connecticut first-degree robbery is a crime of violence as defined in 18 U.S.C. § 16(a). We are unpersuaded by Wood's argument that his conviction does not necessitate the use of actual violent force. A crime of violence under Section 16(a) need only have threatened use of physical force as an element, and as noted in *Bordeaux*, Connecticut General Statutes § 53a-134(a)(4) requires the threatened use of

5

physical force because "[e]ven mere 'display' of a firearm during a larceny or immediately thereafter necessarily implies a threat to commit violence." 886 F.3d at 194. Similarly, we reject Wood's argument that the Connecticut first-degree robbery statute is overbroad because a conviction may be predicated on another person's display of a firearm. We have previously held that a conviction for New York first-degree robbery, which may also be predicated on another person's display of a firearm, is a violent felony under the ACCA. *Stuckey v. United States*, 878 F.3d 62, 70 (2d Cir. 2017). We see no reason to not apply the reasoning of these ACCA precedents. Accordingly, Wood's conviction falls within the definition of a crime of violence under Section 16(a).

## CONCLUSION

Wood's petition for review is thus DENIED.