*Estremera v. United States*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term 2019

(Argued: November 15, 2019          Decided: December 9, 2019)

No. 17-831

_____

NELSON ESTREMERA

*Petitioner-Appellant*

-v.-

UNITED STATES OF AMERICA

*Respondent-Appellee.*

_____

Before:      LEVAL, LIVINGSTON, and BIANCO, *Circuit Judges*.

Petitioner Nelson Estremera filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.   Estremera principally argues that his prior Connecticut state convictions for first- and second-degree robbery do not categorically qualify as violent felonies under the force clause of the Armed Career Criminal Act ("ACCA").   Based on our decision in *Shabazz v. United States*, 912 F.3d 73 (2d Cir. 2019), we disagree.   Accordingly, the judgment of the district court is AFFIRMED.

FOR PETITIONER-APPELLANT:    CHARLES F. WILLSON, Federal Defender's Office, Hartford, CT.

FOR RESPONDENT-APPELLEE:    MARC H. SILVERMAN, Assistant United States Attorney, *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT.

DEBRA ANN LIVINGSTON, *Circuit Judge*:

Petitioner Nelson Estremera appeals from a denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Estremera principally argues that his prior Connecticut state convictions for first- and second-degree robbery do not categorically qualify as violent felonies under the force clause of the Armed Career Criminal Act ("ACCA") and, therefore, the fifteen-year minimum sentence mandated by the ACCA for individuals with three prior qualifying convictions should not apply to him. For the reasons stated below, we disagree and affirm the judgment of the district court.

## BACKGROUND

On December 13, 2006, a jury found Estremera guilty of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The indictment identified three prior convictions: (1) first degree robbery and attempted robbery, in violation of Connecticut General Statutes §§ 53a-134(a)(3)

2

and 53a-49; (2) second degree robbery and conspiracy to commit robbery, in violation of Connecticut General Statutes §§ 53a-135(a)(1) and 53a-48; and (3) conspiracy to distribute more than 5 grams of cocaine base, 500 grams of cocaine, and a quantity of heroin and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Based on these three prior convictions, the district court concluded that Estremera fell within the ambit of the ACCA, which provides for a fifteen-year mandatory minimum sentence "[i]n the case of a person who . . . has three previous convictions . . . for a violent felony or serious drug offense, or both . . . ." 18 U.S.C. § 924(e)(1). We affirmed Estremera's sentence on direct appeal. *United States v. Estremera*, 282 F. App'x 935, 939 (2d Cir. 2008).

Following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the ACCA's definition of "violent felony," Estremera initiated this collateral proceeding pursuant to 28 U.S.C. § 2255. He argued that his Connecticut robbery convictions did not qualify as violent felonies under 18 U.S.C. § 924(e)(2)(B), and therefore his sentence was improperly imposed. The district court denied his petition but granted a certificate of appealability. Estremera timely appealed.

3

## DISCUSSION

"We review *de novo* all questions of law relating to the district court's application of a federal sentence enhancement." *United States v. Beardsley*, 691 F.3d 252, 257 (2d Cir. 2012) (italics added). In determining whether an offense is a violent felony under the ACCA's force clause, 18 U.S.C. § 924(e)(2)(B)(i), we employ the categorical approach. *See Taylor v. United States*, 495 U.S. 575, 600 (1990). Under the categorical approach, courts "focus solely on whether the elements of the crime of conviction sufficiently match the elements of [the generic crime], while ignoring the particular facts of the case." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). Where, however, a statute has "a more complicated (sometimes called 'divisible') structure," the modified categorical approach applies. *Id.* at 2249. Under this approach, we may "look[] to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id.*

Our decision in *Shabazz v. United States*, 912 F.3d 73 (2d Cir. 2019), resolves this appeal. There, we held that Connecticut's simple robbery statute, Connecticut General Statute § 53a-133, qualifies as a violent felony under the

4

ACCA's force clause. *Id.* at 78. As relevant to this appeal, Estremera was convicted under Connecticut General Statute § 53a-134(a)(3) (first-degree robbery) and Connecticut General Statute § 53a-135(a)(1) (second-degree robbery). Section 53a-134(a) enumerates different ways of committing first-degree robbery, but every manner of committing robbery defined therein requires that the defendant commit "the crime of robbery as defined in section 53a-133." Conn. Gen. Stat. § 53a-134(a). Similarly, Section 53a-135(a) defines multiple ways of committing second-degree robbery, but the subsection under which Estremera was convicted defines the crime in part as "commit[ting] robbery, as defined in section 53a-133."[1] *Id.* § 53a-135(a)(1).

In other words, the statutes under which Estremera was convicted require that he have committed simple robbery. And, as noted above, simple robbery is categorically a violent felony. *See Shabazz*, 912 F.3d at 78 ("[A]ny violation of § 53a-133 qualifies as an ACCA predicate."); *see also United States v. Bordeaux*, 886

---

[1] Connecticut General Statute § 53a-135(a)(2) does not appear to incorporate § 53a-133. The record of Estremera's conviction—signed documents from the clerk of a Connecticut state court—indicates that he was convicted under § 53a-135(a)(1). *See United States v. Moreno*, 821 F.3d 223, 228 (2d Cir. 2016) (quoting *Shepard v. United States*, 544 U.S. 13, 20–21 (2005)) (noting that, under the modified categorical approach, courts may consider the charging document, plea agreement or colloquy or "some comparable judicial record of this information"). Accordingly, we do not address whether § 53a-135(a)(2) qualifies as a violent felony.

F.3d 189, 194 (2d Cir. 2018) (holding that § 53a-134(a)(4) qualifies as a violent felony under the ACCA).   Accordingly, both of his convictions are themselves categorically violent felonies.

In an attempt to escape the bonds of our precedent, Estremera posits that the Supreme Court's decision in *Stokeling v. United States*, 139 S. Ct. 544 (2019), narrowed the class of state robbery offenses that qualify as violent felonies as compared to the analysis we undertook in *Shabazz* and, therefore, his convictions do not qualify as violent felonies.   There are two flaws with this argument.

First, Estremera contends that *Stokeling* relied on the physical confrontations between people inherent in robbery in concluding that Florida robbery was a violent felony, whereas *Shabazz* focused on the threat of escalation.   As the Supreme Court explained, robbery involves "*overpower[ing] a victim's will*," which "necessarily involves a physical confrontation and struggle . . . that is itself *capable of causing physical pain or injury*."   *Stokeling*, 139 S. Ct. at 553 (emphasis added) (quotation marks and citation omitted).   Our decision in *Shabazz* applies a similar rationale:   Connecticut robbery involves "tak[ing] property from the person of another *against the victim's will*" and that "face-to-face circumstance[] inherently carr[ies] an implicit threat of escalation . . . *capable of resulting in physical harm*."

6

912 F.3d at 78 (emphasis added); *see also* Conn. Gen. Stat. § 53a-133 (defining robbery as "us[ing] or threaten[ing] the immediate use of physical force upon another person for the purpose of: (1) *Preventing or overcoming resistance* to the taking of the property . . . ; or (2) *compelling the owner* of such property . . . to deliver up the property . . . ." (emphasis added)). The underlying rationale of *Stokeling* is consonant with *Shabazz*.

Second, *Stokeling* relied substantially on Florida courts' interpretation of that state's robbery statute. *See* 139 S. Ct. at 549, 553–55. Estremera identifies no Connecticut case that supports his position. *State v. Wright*, 246 Conn. 132 (1998), upon which he relies, does not suggest that Connecticut robbery may be committed either without the use of force or without a physical confrontation. And *State v. Leggett*, 94 Conn. App. 392, 402 (2006), which Estremera referred to at oral argument, merely held that a defendant may commit robbery even if a co-conspirator is the one who contemporaneously threatens the use of force. *See Wood v. Barr*, 941 F.3d 628, 630 (2d Cir. 2019) ("[W]e reject Wood's argument that the Connecticut first-degree robbery statute is overbroad because a conviction may be predicated on another person's display of a firearm."). The court did not hold that robbery may be committed without force or without overpowering a victim's

will. Nor do any of the other Connecticut cases that we have reviewed support Estremera's position. *See, e.g.*, *State v. Blango*, 102 Conn. App. 532, 539 (2007) (noting that both subdivisions of § 53a-133 "involve an intent to force or intimidate the victim to yield his property so as to permit its taking or retention by the defendant" (quoting *State v. Torres*, 82 Conn. App. 823, 834 (2004)) (brackets omitted)); *State v. Channer*, 28 Conn. App. 161, 166 (1992) ("A larceny does not constitute a robbery unless the force or threat of force is for the purpose of coercing the victim in the manner described in General Statutes § 53a-133."). We know of no Connecticut case applying "the statute in such a manner to show that there is a realistic probability that [Connecticut robbery] would reach the conduct [Estremera] describes." *United States v. Hill*, 890 F.3d 51, 59 (2d Cir. 2018) (quotation marks and citation omitted). Thus, Estremera's challenge to his sentence fails.

## CONCLUSION

We have considered Estremera's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

8